■ HALLMARK NURSING CENTER, INC., Appellant, v JOSEPH P. MENALDINO, as Commissioner of the Warren County Department of Social Services, Respondent. — Appeal from an order of the Supreme Court at Special Term (Soden, J.), entered December 9, 1980 in Warren County, which denied plaintiff's motion for a preliminary injunction and dismissed the complaint. Joseph Lindsey was injured in an automobile accident and after a substantial period of hospitalization was transferred to plaintiff's nursing home on August 25, 1978. The charges for the services rendered by plaintiff were paid through the medical portion of an insurance policy issued by Safeco Insurance Company (Safeco) at the rate of $55 per day. When it appeared that this source of money was exhausted, application was made to defendant for Medicaid assistance. The request was granted and became effective on February 8, 1979 at the rate of $40.71 per day. Subsequently, it developed that Safeco had an additional $5,000 of medical coverage which was available to Lindsey. Thereafter, plaintiff submitted a bill to Safeco for 65 days of care at the rate of $55 per day and for other services. Plaintiff was paid $4,775.17 which was accepted in settlement of treatment for Lindsey for the period February 8, 1979 through April 13, 1979. Plaintiff notified defendant and sent a check to defendant as a refund in the sum of $2,646.15 which was the amount paid by defendant for services rendered to Lindsey from February 8, 1979 to April 13, 1979. Defendant rejected the tender of the check and maintained that the department was entitled to the entire amount paid to plaintiff by Safeco. Defendant informed plaintiff that it would withhold future payments to plaintiff on behalf of Lindsey in order to recoup the full amount of $4,775.17. Plaintiff commenced the instant action to enjoin defendant from withholding any amount in excess of $2,646.15 from future payments for services to Lindsey and for a declaratory judgment as to the rights of the parties. Plaintiff moved for a preliminary injunction and Special Term ordered a hearing and stated thereafter he would treat the motion as one for summary judgment and defendant's affidavit opposing the preliminary injunction as a cross motion to dismiss the complaint. After the hearing, Special Term held that plaintiff had accepted $2,646.15 from defendant in full payment of the services rendered for that period and that the $4,775.17 paid by Safeco to plaintiff was an asset of Lindsey's to which defendant was entitled. This appeal ensued. Initially, we reject defendant's contention that plaintiff is precluded from bringing this plenary action since it is without standing and has failed to make Lindsey a party to the action and we pass to the merits. The parties disagree as to the appropriate provision of the Social Services Department Regulations which applies to the present factual situation. Plaintiff contends that 18 NYCRR 360.22 (a) (2), read in conjunction with subdivision (b) of the same section, controls. We, however, agree with defendant that the applicable provision is 18 NYCRR 360.22 (a) (3) which provides as follows: "In any case where such a legal liability is found to exist after medical care and services have been provided to an applicant for or recipient of medical assistance, the social services official responsible for providing such care and services shall seek reimbursement for medical care and services provided to the extent of such legal liability." In the present case, plaintiff was paid in full for the period in question. Thereafter, the parties became aware of the additional sum of money due Lindsey. Pursuant to 18 NYCRR 360.22 (a) (3) defendant was authorized

and obligated to seek reimbursement for the money advanced plaintiff for services rendered on behalf of Lindsey. The cases relied upon by plaintiff, *Matter of Watkins v Toia* (46 NY2d 773) and *Matter of Ciculli v Toia* (63 AD2d 714), are clearly distinguishable since they are concerned with section 366 (subd 2, par [c]) of the Social Services Law and apply to cases of "catastrophic illness". We have considered all other arguments advanced by plaintiff and find them unpersuasive. Since the instant action is one for a declaratory judgment, however, Special Term should not have dismissed the complaint but instead should have declared the rights of the parties (*National Union Fire Ins. Co. of Pittsburgh, Pa. v Medical Liab. Mut. Ins. Co.,* 85 AD2d 851). Consequently, the order must be modified. Order modified, on the law, by reversing so much thereof as dismissed plaintiff's complaint and judgment directed to be entered in favor of defendant declaring that the $4,775.17 paid by Safeco to plaintiff was an asset of Lindsey's to which defendant is entitled, and, as so modified, affirmed, with costs to defendant. Mahoney, P. J., Sweeney, Main, Casey and Yesawich, Jr., JJ., concur.