189 N.J. Super. 538 (1983)
461 A.2d 171
ANN MARMORINO, PLAINTIFF,
v.
HOUSING AUTHORITY OF THE CITY OF NEWARK, DEFENDANT.
Superior Court of New Jersey, Law Division Essex County.
Decided March 18, 1983.
*539 Harvey Weissbard, for plaintiff (Edward A. Wiewiorka, appearing).
Kaplowitz & Wise, for defendant (Steven Wise, appearing).
Irwin Kimmelman, Attorney General of the State of New Jersey, for the State of New Jersey (Ivan J. Punchatz, appearing).
THOMAS, J.S.C.
This order to show cause seeks resolution of a conflict between the New Jersey Tort Claims Act and the Medicaid Assistance Program with respect to deduction and reimbursement rights for medical payments made by Medicaid.
Plaintiff fell on allegedly defective steps in her apartment building owned and maintained by defendant Newark Housing Authority. Medical expenses totalling $18,390.75 were paid by Medicaid. Plaintiff now sues defendant Newark Housing Authority pursuant to the New Jersey Tort Claims Act. A section *540 of the act (N.J.S.A. 59:9-2 e.) provides defendant, Newark Housing Authority, with a credit for such collateral source payments. At the same time the Division of Medical Assistance and Health Services is entitled to reimbursement from any judgment obtained by plaintiff for the medical expenses it paid. (N.J.S.A. 30:4D-7.1 b.).
If both sections are enforced, plaintiff will in effect bear the burden of paying her medical expenses twice; first, because she must deduct them from any award assessed against Newark Housing Authority, and second, from any award obtained reimbursement must be made to Medicaid. All parties agree this would be inequitable. The only question is, therefore, which governmental entity should bear the loss. The answer is defendant, Newark Housing Authority.
Section 59:9-2 e. of the Tort Claims Act states:
e. If a claimant receives or is entitled to receive benefits for the injuries allegedly incurred from a policy or policies of insurance or any other source other than a joint tortfeasor, such benefits shall be disclosed to the court and the amount thereof which duplicates any benefit contained in the award shall be deducted from any award against a public entity or public employee recovered by such claimant; provided, however, that nothing in this provision shall be construed to limit the rights of a beneficiary under a life insurance policy. No insurer or other person shall be entitled to bring an action under a subrogation provision in an insurance contract against a public entity or public employee.
The funds disbursed by the Medical Assistance statute are derived in part from federal grants made pursuant to 42 U.S.C.A. § 1396 (1974). In order to qualify for such grants, § 1396a (1974 Supp. 1982) establishes the requirement of reimbursement from liable third parties. N.J.S.A. 30:4D-7.1 b. is in conformity with the statute and states:
b. When a recipient, his guardian, executor, administrator or other appropriate representative brings an action for damages against a third party, written notice shall be given to the Director of the Division of Medical Assistance and Health Services. In addition, every recipient or his legal representative shall promptly notify the division of any recovery from a third party and shall immediately reimburse the division in full from the proceeds of any settlement, judgment, or other recovery in any action or claim initiated against any such third party subject to a pro rata deduction for counsel fees, costs, or other expenses incurred by the recipient or the recipient's attorney; provided, however, *541 that the director may make application to a court of competent jurisdiction for an award of counsel fees and costs incurred in the pursuit of a claim under this subsection.
Any settlement, judgment, dismissal, exchange of releases, or action affecting the disposition of a recipient's independent action against a third party shall not serve to bar a claim or cause of action brought by the Attorney General on behalf of the commissioner against that third party under this section.
"Third party" is defined in N.J.S.A. 30:4D-3 m. and makes clear the Legislature's intention that public and governmental entities be governed by the statute:
m. "Third party" means any person, institution, corporation, insurance company, public, private or governmental entity who is or may be liable in contract, tort, or otherwise by law or equity to pay all or part of the medical cost of injury, disease or disability of an applicant for or recipient of medical assistance payable under this act.
The comment to N.J.S.A. 59:9-2 states that the "intent of subparagraph (e) is to prohibit the receipt of duplicate benefits by a claimant filing suit under the act." Furthermore, this intent "reflects a recognition that profit-making insurance companies are in a better position to withstand losses which they contract for than are the already economically burdened public entities." N.J.S.A. 59:9-2 e., Comment. See Travelers Ins. Co. v. Collella, 169 N.J. Super. 412, 414-16 (App.Div. 1979) (workmen's compensation insurance carrier was not entitled to reimbursement from employee where such payments were deducted from the judgment recovered pursuant to N.J.S.A. 59:9-2 e.; workmen's compensation carrier was a commercial insurer better able to bear the loss).
The facts of this case do not place plaintiff within the framework of the Legislature's objective in barring double recovery when a collateral source benefit has been paid. Plaintiff, if allowed a medical expense recovery, would be obligated to immediately repay Medicaid and thereby not receive duplicate benefits. Medicaid is in no better position than defendant Newark Housing Authority, since it, too, is "an economically burdened public entity." Finally, defendant is insured and therefore not directly liable for the award.
*542 The clash between the Tort Claims Act and Medical Assistance statute is clear. How should it be resolved? In Clifton v. Passaic Cty. Bd. of Taxation, 28 N.J. 411 (1958), the Supreme Court stated:
The reconciliation of apparently conflicting statutes to conform to the spirit of the legislation as a whole is a common exercise of the judicial interpretive function. Turon v. J. & L. Construction Co., 8 N.J. 543 (1952). A construction "calling for unreasonable results will be avoided where reasonable results consistent with the indicated purpose of the act as a whole are equally possible." Elizabeth Federal Savings & Loan Assn. v. Howell, 24 N.J. 488, 508 (1957). See Crawford, Statutory Construction, Sec. 232. As one part of a statute is properly called in, to help the construction of another part, "and is fitly so expounded, as to support and give effect, if possible to the whole; so is the comparison of one law with other laws made by the same legislature, or upon the same subject, or relating expressly to the same point, enjoined for the same reason, and attended with a like advantage." Dwarris on Statutes (Potter) 189, 190. [at 421]
In following these principles the most reasonable approach is to hold N.J.S.A. 59:9-2 e. inapplicable in this factual situation. The main thrust of § 59:9-2 e. is to protect public entities from economic loss by preventing claimants from receiving duplicative benefits. Such protection is not needed here since plaintiff must necessarily "immediately reimburse" Medicaid if a judgment is awarded. The philosophy that commercial insurers are better able to bear the economic loss is inapplicable to Medicaid; it is not such an insurer. Defendant does have liability insurance. If it did not, it could and should have secured it.
Furthermore, the Legislature in enacting the Medical Assistance Program included governmental entities in its definition of possibly liable third parties. This is indicative of the Legislature's intent to bar the applicability of § 59:9-2 e. in a case such as the present one.
Therefore, plaintiff in her action against Newark Housing Authority will not be barred from including as part of her damage award an amount for medical expenses. If plaintiff is successful, she will then have to reimburse Medicaid a like amount.