Michael B. COPLIEN, Plaintiff-Appellant,

v.

DEPARTMENT OF HEALTH & SOCIAL SERVICES, Defendant-Respondent.†

Court of Appeals

*No. 83–601. Submitted on briefs January 30, 1984.—
Decided April 19, 1984.*
(Also reported in 349 N.W.2d 92.)

† Petition to review denied.

For the plaintiff-appellant the cause was submitted on the briefs of *James A. Olson* and *Donald W. Becker* and *Lawton & Cates* of Madison.

For the defendant-respondent the cause was submitted on the brief of *Bronson C. La Follette,* attorney general, and *Bruce A. Olsen,* assistant attorney general.

Before Gartzke, P.J., Dykman, J. and Rudolph T. Randa, Reserve Judge.

DYKMAN, J.   Michael Coplien appeals from a judgment declaring that he must fully reimburse the Department of Health and Social Services for Medicaid payments it made to him after he was injured.  He argues that because he settled his personal injury claim for one-fourth of his damages, the department may recover only one-fourth of its payments to him.  We affirm.

Coplien was injured in an Ohio automobile accident. He was eligible for Medicaid, and the department paid him $45,309.60 in benefits.  He settled his personal injury claim for $391,500.00 and signed a release which provided in part:

IT IS FURTHER UNDERSTOOD AND AGREED that this settlement is a compromise of a disputed claim. It is agreed that a reasonable value of the plaintiff's damages is One Million Six Hundred Thousand ($1,600,000.-00) Dollars.  However, because of liability questions raised by the doctrines of assumption of risk and contributory negligence which are a complete bar in the State of Ohio, the above amount is a reasonable settlement of this claim.

Coplien netted $270,668.47 after attorney's fees and expenses.

The department demanded that Coplien reimburse it for the full amount of its Medicaid payments to him.  He did not do so and commenced this action for a declaration of his rights to the settlement proceeds.  The trial

court held that under sec. 49.65, Stats., as interpreted in *Waukesha County v. Johnson,* 107 Wis. 2d 155, 320 N.W.2d 1 (Ct. App. 1982), the department was entitled to full reimbursement regardless whether Coplein had been made whole by the settlement.

Section 49.65, Stats., provides in part:

(1) The department, county, municipality or elected tribal governing body providing any public assistance under this chapter as a result of an act that creates a claim or cause of action on the part of the public assistance recipient against a 3rd party, including an insurer, is subrogated to the rights of the recipient or the beneficiary and may make a claim or maintain an action in tort against the 3rd party.

. . . .

(4) Reasonable costs of collection including attorney's fees shall be deducted first. The amount of assistance granted as a result of the occurrence of the injury, sickness or death shall be deducted next and the remainder shall be paid to the public assistance recipient. . . .

In *Waukesha County,* this court held that the county was entitled under sec. 49.65, Stats., to be fully reimbursed for medical assistance payments from the proceeds of recipients' insurance settlements, even though the recipients were not made whole by the settlements. We said: "We believe that sec. 49.65, Stats., on its face, renders the common law subrogation principles inapplicable to counties seeking reimbursement pursuant to that section. . . . [T]he county must be paid before the recipient obtains compensation." *Id.* at 161–62, 320 N.W.2d at 3–4. The holding of *Waukesha County* controls this case. The department may recover the entire amount it paid to Coplien.

Coplien argues that our interpretation of sec. 49.65, Stats., is invalid under the Supremacy Clause of the United States Constitution because it conflicts with 42

U.S.C.A. sec. 1396a(a)(18) and (25) (West 1974 &
Supp. 1975–1981).[1] That section provides in part:

(a) A State plan for medical assistance must—

. . . .

(18) provide that no lien may be imposed against the
property of any individual prior to his death on account
of medical assistance paid or to be paid on his behalf
under the plan . . . and that there shall be no adjust-
ment or recovery . . . of any medical assistance cor-
rectly paid on behalf of such individual under the plan;

. . . .

(25) provide (A) that the State or local agency ad-
ministering such plan will take all reasonable measures
to ascertain the legal liability of third parties to pay for
care and services (available under the plan) arising out
of injury, disease, or disability . . . and (C) that in any
case where such a legal liability is found to exist after
medical assistance has been made available on behalf of
the individual and where the amount of reimbursement
the State can reasonably expect to recover exceeds the
cost of such recovery, the State or local agency will seek
reimbursement for such assistance to the extent of such
legal liability;

. . . .

Coplien characterizes his settlement as "25¢ on the
dollar" and divides the proceeds pro rata, assigning
$11,327.40 to medical expenses and the rest to his other
damages. He argues that if the department recovers
more than $11,327.40, it will be obtaining reimbursement
out of his after-acquired assets in violation of 42 U.S.C.A.
sec. 1396a(a)(18). He also argues that the "legal lia-
bility" of the defendants in his personal injury suit was
no more than twenty-five percent, and therefore that
the department may recover only twenty-five percent.

---

[1] We cite the version of the statute that was in effect when
Coplien settled his personal injury claim and the department
began attempts to recover its payments. It has since been amended
in ways immaterial to this appeal. Neither party addresses the
question of which version of the statute we should consider.

The statutory scheme set up by 42 U.S.C.A. sec. 1396a (a) (18), (25) is that generally an agency may not seek to recover Medicaid payments which were properly made, but that the agency may recoup payments made for services for which a third party is liable. Subsection (25) limits the agency's recovery to the amount which the third party is liable to pay. Section 1396a(a) (18), (25) does not address the question of what percentage of the payments the agency may recover when the amount paid by the third party is insufficient to fully compensate the recipient for his or her injuries. There is no indication in sec. 1396a(a) (18), (25) that the agency is limited to recovering a pro rata share of the settlement proceeds.

Coplien argues that because Congress did not specifically abrogate the "equitable principles" of subrogation in 42 U.S.C.A. sec. 1396a(a), it must have meant to adopt them; and that therefore, any state statute which alters the common law of subrogation for agencies recovering Medicaid payments is invalid under the Supremacy Clause. Congress's silence on the subject cannot be read so broadly, however. The application of the doctrine of subrogation varies from state to state. We do not believe that Congress intended to impose a federal "standard" that would differ from state to state, based on the rulings of the states' highest courts. We conclude that Congress's silence indicates only that Congress did not choose to legislate on the issue before us.

Coplien cites several cases from other jurisdictions which denied state agencies full reimbursement of medical assistance payments where the recipients had not been made whole by their settlements with liable third parties. Each of those cases, however involved a state court interpreting a state statute, in which the court noted that the legislature had used the term or concept

of subrogation, and held that since the legislature had not indicated that normal subrogation principles should not be applied, the court would apply those principles. *See State v. Cowdell,* 421 N.E.2d 667, 671 (Ind. Ct. App. 1981); *Hedgebeth v. Medford,* 378 A.2d 226, 231 (N.J. 1977); *White v. Sutherland,* 585 P.2d 331, 334 (N.M. Ct. App. 1978); *Shearer v. Moore,* 419 A.2d 665, 668 (Pa. Super. Ct. 1980). Section 49.65(4), Stats., in contrast, specifically provides that normal subrogation principles are not to be applied to an agency seeking reimbursement of medical assistance payments. This is the provision which the state courts above found was missing from the statutes they construed.

Coplien argues that it is inequitable for the department to be fully reimbursed while he is made less than one-quarter whole. His argument is more appropriately addressed to the legislature than to this court. The legislature, in enacting sec. 49.65(4), Stats., weighed medical recipients' need to be compensated for their injuries against the need for conservation of public funds and determined that the public funds have priority. We are required to apply the statute as it was written by the legislature. The trial court's judgment is affirmed.

*By the Court.*—Judgment affirmed.