**INDIANA DEPARTMENT OF PUBLIC WELFARE, Appellant (Claimant below),**

v.

**The GUARDIANSHIP OF Hope Lynn McINTYRE, a minor, Appellee.**

**No. 4–384A81.**

Court of Appeals of Indiana, Fourth District.

Nov. 19, 1984.

---

**2.** Now IND.CODE 35–49–1–3.

Linley E. Pearson, Atty. Gen. of Indiana, Gorden E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellant.

John W. Newby, Leon R. Kaminski, Newby, Lewis, Kaminski & Jones, La Porte, for appellee.

CONOVER, Judge.

The State of Indiana, on behalf of the Indiana Department of Public Welfare (DPW), appeals the trial court's allocation of proceeds from a settlement reached between Sandra McIntyre, as Guardian of Hope McIntyre (Guardianship) and the drivers of two automobiles which collided in an accident, seriously injuring the ward.

We reverse.

ISSUE

The sole issue presented for review is whether the trial court committed reversible error in allocating settlement proceeds when it failed to award DPW the full amount of its expenditures on behalf of the ward.

FACTS

On February 11, 1983, Hope Lynn McIntyre (Hope), then 16-years-old, was a passenger in an automobile involved in a two-car accident. She suffered serious and permanent injuries. The Medicaid program, administered by DPW, provided $49,320.40 for treatment of Hope's injuries. The State filed a lien for this amount on any recovery Hope obtained from the drivers or their insurers.

Hope's mother, Sandra McIntyre, was appointed Hope's guardian and litigation ensued. Eventually, the trial court approved a settlement between the guardianship and the defendant drivers for $106,500. In apportioning the settlement proceeds however, the trial court determined the State was entitled to only $15,000 in satisfaction of its lien. The trial court's order in pertinent part reads:

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED by the Court as follows:

(1) That the compromise and settlement of the claim of said minor arising out of and as a result of the accident which occurred on the 11th day of February, 1983 described above is hereby approved upon the payment to the legally Court appointed guardian the aggregate sum of One Hundred Six Thousand Five Hundred Dollars ($106,500.00) to be distributed by the Guardian as follows:

(a) Fifteen Thousand Dollars ($15,000.00) to the State of Indiana Department of Public Welfare in full settlement of its entire lien in the sum of Forty-Nine Thousand Three Hundred Twenty Dollars and forty cents ($49,320.40) to be allocated as follows:

Five Thousand Dollars ($5,000.00) to Newby, Lewis, Kaminski & Jones, as attorney's fees and the net sum of Ten Thousand Dollars ($10,000.00) to the Indiana Department of Public Welfare in total satisfaction of their lien against HOPE LYNN McINTYRE, SANDRA McINTYRE, individually and as Guardian, State Farm Mutual Insurance Company, and Indiana Farmers Town and Country Insurance Company;

(R. 19).

The State appeals, arguing the DPW is entitled to reimbursement for the entire amount expended on behalf of Hope.

DISCUSSION AND DECISION

Pursuant to 42 U.S.C. § 1396 *et seq.*, our State DPW administers Medicaid benefits for dependent children and other persons who are unable to provide for their medical care. See IND. CODE 12–1–7–14.9 *et seq.* 42 U.S.C. §§ 1396a(a)(18) and 1396a(a)(25) provide general requirements for liens on other sources of financing, should they become available, to provide reimbursement to the state agency for treatment rendered under the Medicaid program.

*State v. Cowdell* (1981) Ind.App., 421 N.E.2d 667, involved DPW's regulation promulgated at 470 IAC 5–1–11:

Subrogation. The Indiana State Department of Public Welfare shall be subrogated to all claims by Medicaid recipients against third parties to the extent of Medicaid benefits received by the recipients, when the direct or proximate cause of the necessity to pay such benefits is the negligence or other legal liability of such third parties.

*Cowdell*, 421 N.E.2d at 669–71. This court, per Ratliff, J., held general equitable rules of subrogation apply to reimbursement of the DPW for expenditures on behalf of a recipient who subsequently obtains a settlement for less than the entire claim from the responsible tortfeasors. *Cowdell* thus upheld the trial court's apportionment of settlement proceeds providing the State only partial reimbursement for the DPW's expenditures.

However, our legislature substantially changed DPW reimbursement requirements by adopting IC 12–1–7–24.6, effective June 30, 1982. IND. CODE 12–1–7–24.6 provides in pertinent part:

Sec. 24.6. (a) Whenever:

(1) the department pays medical expenses for or on behalf of a person who has been injured or has suffered an illness or disease as a result of the negligence or act of another person; and

(2) the injured or diseased person asserts a claim against the other person for damages resulting from the injury, illness, or disease;

the department has a lien against the other person, *to the extent of the amount paid by the department,* on

*any recovery* under the claim, whether by judgment, compromise, or *settlement.*

(b) Whenever:

(1) the department pays for medical expenses or renders medical services on behalf of a person who has been injured or has suffered an illness or disease; and

(2) that person asserts a claim against any insurer as a result of his injury, illness, or disease;

the department has a lien against the insurer, *to the extent of the amount paid by the department,* on *any recovery* from the insurer. (Emphasis supplied.)

The State argues the trial court erred by not allocating the full $49,320.40 paid by DPW on Hope's behalf, to the DPW from the settlement proceeds. The guardianship argues IC 12–1–7–24.6 simply recodified the general law of subrogation as applied in *Cowdell.* Thus, because wide authority is vested in the trial court to allocate proceeds between the subrogees, the trial court did not abuse its discretion by allocating only $15,000 to DPW in this case, it opines. Under IC 12–1–7–24.6, the State's argument is clearly correct.

▄▄▄ This court must accord statutory words, phrases, and punctuation their plain, ordinary, and usual meaning. When the language used in the statute is clear and unambiguous and the intent of the legislature unmistakable, we must adopt the meaning plainly expressed. *Jeffboat, Inc. v. Review Board of the Indiana Employment Security Division* (1984) Ind. App., 464 N.E.2d 377, 379. *See also Clipp v. Weaver* (1983) Ind., 451 N.E.2d 1092, 1094; *Daugherty v. State* (1984) Ind.App., 466 N.E.2d 46, 52. The statutory language at issue here: "to the extent of the amount paid by the Department", clearly and unambiguously grants the State a lien on settlement proceeds for the total, i.e. "extent of", the benefits provided by DPW for medical treatment in such cases.

The parties have discussed *Coplien v. Department of Health and Social Services* (1984) 119 Wis.2d 52, 349 N.W.2d 92.

There the Court of Appeals of Wisconsin, in a case presenting analogous facts, held Coplien was required to *fully reimburse* the department for benefits provided when he obtained a settlement in his personal injury action. The court interpreted WIS. STAT. ANN. § 49.65 (West Supp.1983), which provides in pertinent part:

(1) Subrogation. The department, county, . . . municipality or elected tribal governing body providing any public assistance under this chapter as a result of an act that creates a claim or cause of action on the part of the public assistance recipient against a 3rd party, including an insurer, is subrogated to the rights of the recipient or the beneficiary and may make a claim or maintain an action in tort against the 3rd party.

.     .     .     .     .

(4) Recovery; how computed. Reasonable costs of collection including attorney's fees shall be deducted first. *The amount of assistance granted as a result of the occurrence of the injury, sickness or death shall be deducted next* and *the remainder* shall be paid to the *public assistance recipient.* (Emphasis supplied.)

▄▄▄ As did the recipient in *Coplien,* the guardianship argues full reimbursement of the DPW's prior expenditures inequitably will divest the recipient of a substantial portion of the settlement proceeds. Although this statement is true, we agree with the *Coplien* court's conclusion such argument

. . . is more appropriately addressed to the legislature than to this court. The legislature . . . weighed medical recipients' need to be compensated for their injuries against the need for conservation of public funds and determined that the public funds have priority. We are required to apply the statute as it was written by the legislature.

*Id.,* 349 N.W.2d at 95. Notwithstanding the guardianship's attempt to distinguish *Coplien* here, we must reach the same conclusion. Similar results have been

reached in other jurisdictions. *See, Wright v. Department of Benefit Payments* (1979) 90 Cal.App.3d 446, 153 Cal.Rptr. 474; *Hallmark Nursing Center, Inc. v. Menaldino* (1982) 88 A.D.2d 1042, 452 N.Y.S.2d 694; *cf. Marmorino v. Newark Housing Authority* (1983) 189 N.J.Super. 538, 461 A.2d 171. Our Indiana statute requires like reimbursement.

The judgment is reversed, and this case is remanded to the LaPorte Superior Court for further proceedings consistent with this opinion.

MILLER, P.J., concurs.

YOUNG, J., dissents with opinion.

YOUNG, Judge, dissenting.

I respectfully dissent, as I do not agree with the majority's conclusion that the legislature intended IC 12-1-7-24.6 to remove the trial court's discretion to apportion the proceeds of a personal injury claim between the DPW and the claimant.

In many such instances, the defendant's insurance limits or insolvency may restrict the injured party's recovery to an amount no greater than the Department's medical expenditures. The injured welfare recipient, however, may require continuing care and treatment of the sort not automatically provided welfare recipients, such as cosmetic surgery and physical therapy. *See* 470 IAC 5-6-2(b)(F) and (M); 470 IAC 5-6-3. The trial court is particularly well situated to apportion the settlement or judgment according to these competing claims in the individual case and to avoid draconian results in cases of recovery inadequate to cover all expenses arising from the injury.

In the absence of a clearer statement of legislative intent to remove this discretion from the trial court, therefore, I would not ascribe this inflexible and potentially harsh rule to the legislature's purpose in promulgating this statute. Certainly, the language of IC 12-1-7-24.6 is far less explicit in requiring any particular division of the proceeds of a welfare recipient's personal injury claim than is the Wisconsin statute

cited by the majority. I would affirm the judgment of the trial court.