**Erma HILL and William Hill, Appellants (Defendants Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 3-385A72.

Court of Appeals of Indiana, Third District.

Sept. 5, 1985.

Rehearing Denied Oct. 25, 1985.

Duane W. Hartman, Blachly, Tabor, Bozik & Hartman, Valparaiso, for appellants.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

HOFFMAN, Judge.

The trial court found appellants Erma and William Hill guilty of illegal sale of fireworks, a Class A misdemeanor, pursuant to IND.CODE § 22–11–14–8. Each was assessed a fine of $250.00 plus court costs. Erma and William appeal that judgment. The facts relevant to this appeal are not in dispute as the parties filed a written stipulation of facts prior to trial. The facts are as follows.

On June 29, 1984, George Oakley of Orland Park, Illinois, entered a fireworks store located in Cedar Lake, Indiana, and purchased fireworks that are listed and some fireworks that are not listed in IND. CODE § 22–11–14–8.[1] Prior to the purchase, Oakley was asked by Erma to produce his driver's license showing his residence. In addition Erma asked, and Oakley did execute a document which in pertinent part provided as follows:

> "I am a resident of the State of Ill, and am going to immediately ship all Indiana illegal fireworks directly out of the state of Indiana or have or will acquire any necessary permits required by law."

Erma then sold the various listed and unlisted fireworks to Oakley. All this time, William was in the store, represented himself as a salesman of the fireworks, and engaged in conversation with Oakley which ultimately led to the sale and delivery of the fireworks not listed in the statute.

There is one issue which this Court must review: whether the exemption contained in IND.CODE § 22–11–14–4 is applicable to the acts of appellants.

IND.CODE § 22–11–14–4 provides certain exemptions to the prohibitive language of § 22–11–14–8. The exempting statute provides:

> "Nothing in this act shall be construed to prohibit any resident wholesaler, dealer, or jobber to sell at wholesale such fireworks as are not herein prohibited; or the sale of any kind of fireworks provided the same are to be shipped directly

---

1. IND.CODE § 22–11–14–8 provides:
   "A person shall not sell at retail, or offer for sale at retail, any fireworks, novelties, or trick noisemakers other than the following:
   (1) Dipped sticks or wire sparklers. However, total pyrotechnic composition may not exceed one hundred [100] grams per item. Devices containing chlorate or perchlorate salts may not exceed five [5] grams in total composition per item.
   (2) Cylindrical fountains.
   (3) Cone fountains.
   (4) Illuminating torches.
   (5) Wheels.
   (6) Ground spinners.
   (7) Flitter sparklers.
   (8) Snakes or glow worms.
   (9) Smoke devices.
   (10) Trick noisemakers, which include:
   (A) Party poppers.
   (B) Booby traps.
   (C) Snappers.
   (D) Trick matches.
   (E) Cigarette loads.
   (F) Auto burglar alarms."

out of state; or the use of fireworks by railroads or other transportation agencies for signal purposes or illumination, or the sale or use of blank cartridges for a show or theater, or for signal or ceremonial purposes in athletics or sports, or for use by military organizations.''

It is appellants' contention that their acts are clearly exempted by this statute. They read the statute as providing that the act does not prohibit the sale of any kind of fireworks provided the same are to be shipped directly out of state. Appellants urge that the "or" after the first semicolon in the statute is disjunctive and therefore, the statute provides several exemptions. On the other hand, the State argues that the "or" is of a conjunctive nature and therefore the sale of unlisted fireworks to be shipped directly out of state is not prohibited only if the seller is a resident wholesaler, dealer or jobber. The State concludes its argument by asserting that the sale to Oakley was a retail transaction and thus was not protected by the exemption.

This Court must accord statutory words, phrases, and punctuation their plain, ordinary, and usual meaning. *Indiana v. Guardianship of McIntyre* (1984), Ind.App., 471 N.E.2d 6. The punctuation, words and phrases in this case make the items listed in the exempting statute appear to be a series. For instance, when read in an ordinary fashion the statute does not prohibit any resident wholesaler, dealer or jobber from selling at wholesale the unlisted fireworks. It also does not prohibit the sale of any kind of fireworks if they are to be shipped directly out of the state. And, although it is not important to this case, the statute also does not prohibit the use of fireworks by railroads for signal purposes or illumination.

Based upon the foregoing, it is clear that the activity which the appellants engaged in is exempted from the prohibition of IND. CODE § 22–11–14–8. Therefore, the trial court is reversed.

Reversed.

GARRARD, J., concurs.

STATON, P.J., dissents with opinion.

STATON, Presiding Judge, dissenting.

I dissent from the Majority Opinion. The judgment of the trial court should be affirmed. When the entire fireworks legislation is carefully examined, Erma Hill and William Hill do not come within the exemptions set forth in IC 22–11–14–4.

Certain wholesale transactions and uses of fireworks are exempt under the provisions of IC 22–11–14–4, but Erma Hill and William Hill do not qualify as out of state customers of a wholesaler or as one of the specified users. There is absolutely no evidence in the stipulated facts which would exempt the Hills. The Majority has misconstrued IC 22–11–14–4:

"Possession, sale or use of fireworks in certain cases authorized.—Nothing in this act [22–11–14–1—22–11–14–6] shall be construed to prohibit any resident wholesaler, dealer, or jobber to sell at wholesale such fireworks as are not herein prohibited; or the sale of any kind of fireworks provided the same are to be shipped directly out of state; or the use of fireworks by railroads or other transportation agencies for signal purposes or illumination, or the sale or use of blank cartridges for a show or theater, or for signal or ceremonial purposes in athletics or sports, or for use by military organizations [Acts 1939, ch. 154, § 4, p. 727.]''

This Statute, IC 22–11–14–4, should be construed to affect only the possession of fireworks by wholesalers, wholesale sales, and the use of fireworks in certain authorized cases. The Statute affects only two general classifications—resident wholesale merchants and certain users who are generally classified. None of the classifications are available to the Hills. They are not a customer of a wholesaler, a wholesaler, nor a specified user under the Statute. The stipulated facts concede that the sale was a retail sale. This concession alone is enough to affirm the trial court and ex-

clude any consideration of an exemption under this Statute.[1]

Special note should be taken of the language used regarding the shipment of prohibited fireworks: "or the sale of any kind of fireworks *provided that same are to be shipped directly out of state;*". (my emphasis). "Directly" means "at once, immediately, without delay". *Random House Dictionary of the English Language* (1966 Edition). The intent and purpose of the Statute is not to allow prohibited fireworks in the hands of the ultimate consumer within the State of Indiana. Therefore, the retail sale and delivery of prohibited fireworks to the Hills within the State of Indiana was a violation and not exempt.

The Hills do not come within the user classification under the stipulated facts. However, it should be noted that the exemption is very specific as to the general type of fireworks to be used and is very specific as to the user. Furthermore, the intent of the Statute is again re-inforced; it allows these certain users to have possession of prohibited fireworks for specified purposes in the State of Indiana. Possession of prohibited fireworks by any other user or for any other purpose in the State of Indiana is not exempt.

Hills contend that George Oakley's identification as an Illinois resident and his signing of a statement of intent brought them within the exemption. This contention is in direct conflict with the Statute. First, the sale was retail which is not covered by the Statute. Secondly, the prohibited fireworks were not being directly shipped out of state by the Hills. The prohibited fireworks had been shipped directly in state to the ultimate consumer by Hills.[2]

I would affirm the judgment of the trial court.

---

1. IC 22–11–14–4 provides: "Nothing in this act [22–11–14–1—22–11–14–6] shall be construed to prohibit any resident wholesaler, dealer, or jobber to sell at wholesale ..." and excludes any consideration of a retailer or retail sales. Under the stipulated facts, the sale was a retail sale. IC 22–11–14–1 defines "Jobber" and "Wholesaler". "Retailer" is defined as a "person who purchases fireworks for the resale to consumers." IC 22–11–14–4 is concerned only with wholesale sales.

2. Hills attempts to make an argument regarding the use of "or" after the semicolon; contrary to his argument, "or" is a conjunctive and is used properly to introduce an alternative. For proper usage of "or" and the semicolon see Bergen Evans and Cornelia Evans, *A Dictionary of Contemporary American Usage,* pp. 340, 440 (Random House 1957); Margaret Nicholson, *American English Usage,* p. 509–10 (The New American Library, Inc., 1957); John B. Opdycke, *Harper's English Grammar,* p. 210 (Harper & Row 1965).