**INDIANA DEPARTMENT OF PUBLIC WELFARE, Appellant (Defendant Below),**

v.

**Robin A. LARSON, Appellee (Plaintiff Below).**

No. 2–685A186.

Court of Appeals of Indiana, Third District.

Dec. 11, 1985.

Rehearing Denied Feb. 14, 1986.

Linley E. Pearson, Atty. Gen., Gordon E. White, Jr., Deputy Atty. Gen., Indianapolis, for appellant.

John C. Green, Hume, Smith, Geddes & Green, Indianapolis, for appellee.

HOFFMAN, Judge.

The Indiana Department of Public Welfare (DPW) appeals the grant of a summary judgment determining the disbursement of settlement proceeds obtained by Larson to compensate for a personal injury.

Larson was injured when he dove from a raft located on a lake on property owned by Gary Wolfe. Larson had consumed several cans of beer prior to the accident. The beer had been purchased from Attica Liquors, Inc., with funds pooled by Larson and several friends, all of whom were minors. Due to the injury, Larson is and will remain a quadriplegic.

Larson filed suit against Wolfe and Attica Liquors, Inc., which was settled for the approximate value of $250,000.00 in cash and structured annuities. An account was opened in the name of Larson and DPW. $72,359.27 was deposited in that account from the settlement.

Larson had received Medicaid benefits in the amount of $108,539.90 for medical treatment, and DPW filed a lien for that amount with the court. Larson filed a declaratory judgment action seeking a declaration of rights to the proceeds and the trial court granted a summary judgment providing for an even division of the cash proceeds, an even division of expenses between the two parties and costs taxed to DPW. On appeal, DPW presents, as restated, one issue: whether the court erred in awarding the State less than one hun-

dred percent of the amount expended on behalf of Larson, less thirty three and one third percent for attorney's fees and pro rata share of expenses as provided in IND. CODE § 12–1–7–24.6.

The Medicaid program is a federal and State program. In order to receive federal funds to administer the program, 42 U.S. C.A. § 1396a(a)(25) provides:

"(25) provide (A) that the State or local agency administering such plan will take all reasonable measures to ascertain the legal liability of third parties to pay for care and services (available under the plan) arising out of injury, disease, or disability, (B) that where the State or local agency knows that a third party has such a legal liability such agency will treat such legal liability as a resource of the individual on whose behalf the care and services are made available for purposes of paragraph (17)(B), and (C) that in any case where such a legal liability is found to exist after medical assistance has been made available on behalf of the individual and where the amount of reimbursement the State can reasonably expect to recover exceeds the cost of such recovery, the State or local agency will seek reimbursement for such assistance to the extent of such legal liability[.]"

Consistent with the reimbursement requirements provided in 42 U.S.C.A. § 1396a(a)(25) above, IND. CODE § 12–1–7–24.6 provides:

"Medical assistance; liens for amounts paid by department

Sec. 24.6 (a) Whenever:

(1) the department pays medical expenses for or on behalf of a person who has been injured or has suffered an illness or disease as a result of the negligence or act of another person; and

(2) the injured or diseased person asserts a claim against the other person for damages resulting from the injury, illness, or disease;

the department has a lien against the other person, to the extent of the amount paid by the department, on any recovery under the claim, whether by judgment, compromise, or settlement.

(b) Whenever:

(1) the department pays for medical expenses or renders medical services on behalf of a person who has been injured or has suffered an illness or disease; and

(2) that person asserts a claim against any insurer as a result of his injury, illness, or disease;

the department has a lien against the insurer, to the extent of the amount paid by the department, on any recovery from the insurer.

(c) A lien under this section is not effective unless the department takes the following actions before the party alleged to be liable has concluded a final settlement with the injured, ill or diseased person, or his attorney or legal representative, as compensation for that person's injury, illness, or disease:

(1) Filing in the Marion County circuit court a written notice stating:

(A) notice of the eligibility of the injured, ill, or diseased person for medical assistance;

(B) the name and address of the injured, ill, or diseased person; and

(C) the name of the person, firm, or corporation alleged to be liable to the injured, ill, or diseased person.

(2) Sending to the person, firm, or corporation alleged to be liable, by registered or certified mail, a copy of the notice required by subdivision (1), with a statement of the date of filing of that notice.

\* \* \* \* \*

(f) Whenever the department recovers money under a lien established by this section, and that recovery is the result of a claim asserted by an injured, ill, or diseased person, the department shall pay its pro rate share of all costs and reasonably necessary expenses incurred in asserting the claim, including:

(1) deposition costs;

(2) witness fees; and

(3) other costs and expenses.

(g) The department shall pay attorney fees in the amount of twenty-five percent (25%) of the department's recovery under the lien, if the claim was collected without initiating legal proceedings, or thirty-three and one-third percent (33⅓%) of the department's recovery under the lien, if the claim was collected by initiating legal proceedings."

IND. CODE § 12–1–7–24.6 is, as was stated in *Indiana v. Guardianship of McIntyre* (1984), Ind.App., 471 N.E.2d 6, clear and unambiguous and must be given the meaning plainly expressed by the legislature.

The appellee argues that § 12–1–7–24.6(a) and (b) do not provide for collection of full expenditures by DPW, but only for a lien up to the amount of expenditures. Further, appellee relies on the case of *State v. Cowdell* (1981), Ind.App., 421 N.E.2d 667 to assert that the trial court is endowed with discretion to determine the equities of the case and award reimbursement to DPW accordingly. These arguments are unavailing.

*Cowdell, supra,* was decided prior to enactment of IND. CODE § 12–1–7–24.6. The statutory basis for the *Cowdell* decision, which affirmed the trial court's award to DPW of only ten percent of its expenditures, was an administrative regulation, 470 I.A.C. 5–1–11, which provided for subrogation of DPW to claims of Medicaid recipients against third parties. It was determined in *Cowdell* that the use of the term "subrogation" was not ambiguous and was therefore an equitable principle subject to application depending on the facts and circumstances of each case. Thus, the one-tenth reimbursement was not error in that case. *State v. Cowdell, supra,* 421 N.E.2d at 671.

Since *Cowdell* was decided, the legislature has enacted the 1982 statute providing for a lien in favor of DPW to cover expended Medicaid benefits. The use of the term "lien" in this statute, as the use of the term "subrogation" in the previous regulation, is clear and unambiguous and must be given its plain, ordinary and usual meaning. *Indiana v. Guardianship of McIntyre, supra,* Ind.App., 471 N.E.2d 6. A lien is a claim which one holds on the property of another as security for an indebtedness or charge. *Hubble v. Berry* (1913), 180 Ind. 513, 103 N.E. 328. Therefore, the equitable principles and discretion in determining reimbursement pursuant to a subrogation statute do not apply to reimbursement to the State for the Medicaid benefits. The DPW is entitled to a lien for the full amount of its expenditures on behalf of the recipient less the thirty-three and one-third percent statutorily required for attorney's fees and the pro rata share for expenses. IND. CODE § 12–1–7–24.6(f) and (g). Since the lien is by definition a manner of securing payment of a debt or charge, the DPW is also entitled to payment of the full amount of benefits paid out less the one-third attorney's fees and the pro rata share of expenses to the extent of the recovery. *Indiana v. Guardianship of McIntyre, supra.*

The judgment of the trial court is reversed and remanded for division of the settlement proceeds in accordance with this opinion.

STATON, P.J., and GARRARD, J., concur.