IN THE COURT OF APPEALS OF TENNESSEE
WESTERN SECTION AT JACKSON
_____

CASSANDRA HUGHLETT,

    Plaintiff-Appellee,

Vs.

SHELBY COUNTY HEALTH CARE
CORPORATION, REGIONAL MEDICAL
CENTER AT MEMPHIS a/k/a THE MED,
ET AL,

    Defendant-Appellant.

C.A. No. 02A01-9505-CV-00118
Shelby Circuit No. 40395 T.D.

FILED

August 8, 1996

Cecil Crowson, Jr.
Appellate Court Clerk

FROM THE CIRCUIT COURT OF SHELBY COUNTY
THE HONORABLE ROBERT L. CHILDERS, JUDGE

Gavin M. Gentry of Memphis
For Defendant-Appellant

Louis P. Chiozza, Jr., of Memphis
For Plaintiff-Appellee

*AFFIRMED AND REMANDED*

Opinion filed:

**W. FRANK CRAWFORD,
PRESIDING JUDGE, W.S.**

**CONCUR:**

**DAVID R. FARMER, JUDGE**

**HOLLY KIRBY LILLARD, JUDGE**

The sole issue in this case is whether a plaintiff in a medical malpractice action may

recover from a defendant health care provider the amount of plaintiff's medical expenses paid

by the Tennessee Medicaid program which is a part of the federal social security program.

On April 9, 1991, plaintiff Cassandra Hughlett underwent a cesarean section to aid in the birth of her child. Her complaint against defendants, Shelby County Health Care Corporation, Regional Medical Center at Memphis, a/k/a "The Med," and the University of Tennessee Medical Group, Inc., alleges that at some point during the course of the surgery, a surgical sponge and/or "lap pack" was placed in the plaintiff's abdomen and was not removed at the conclusion of the surgical procedure. The complaint avers that subsequent to her discharge from the hospital, the plaintiff experienced severe pain as a result of the sponge and/or lap pack, and that she was readmitted to the hospital to remove the "foreign body." Plaintiff alleges that the defendants[1] were negligent in their provision of medical treatment to her and that such negligence was a proximate cause of the her injuries. The defendant's answer denies any negligence and joins issue on the material allegations of the complaint.

"The Med" filed a motion *in limine* to exclude evidence of the plaintiff's medical expenses paid for by social security benefits. At the hearing on the motion *in limine*, counsel for the parties announced that a settlement had been reached between the parties, and that the only issue remaining for decision was the question of whether the plaintiff could recover $6,777.17, the amount of the Medicaid payments, from the defendants. The trial court held that the amount of the Medicaid payments made to, or on behalf of, plaintiff as a result of her injuries were recoverable from the defendants, and by order entered March 2, 1995, the court entered judgment for the plaintiff in the amount of $6,777.17. Shelby County Health Care Corporation has appealed and presents the following issue for review:

> Whether or not social security benefits are included in Tennessee
>
> Code Annotated § 29-26-119 as a collateral source? Or, stated
>
> another way: Whether or not the plaintiff in a medical malpractice
>
> case can recover from the defendant the amount of plaintiff's
>
> medical expenses paid for by social security benefits.

The issue in this case requires an interpretation of T.C.A. § 29-26-119 (1980), which

---

[1]The University of Tennessee Medical Group, Inc., was initially named as a defendant, but was later dismissed and is not involved in this appeal.

provides:

> **29-26-119. Damages. -** In a malpractice action in which liability is admitted or established, the damages awarded may include (in addition to other elements of damages authorized by law) actual economic losses suffered by the claimant by reason of the personal injury, including, but not limited to cost of reasonable and necessary medical care, rehabilitation services, and custodial care, loss of services and loss of earned income, but only to the extent that such costs are not paid or payable and such losses are not replaced, or indemnified in whole or in part, by insurance provided by an employer either governmental or private, by social security benefits, service benefit programs, unemployment benefits, or any other source except the assets of the claimants or of the members of the claimants' immediate family and insurance purchased in whole or part, privately and individually.

The medical expense payments were made pursuant to Tennessee's "Medical Assistance Act of 1968" codified as T.C.A. § 71-5-101, *et seq.* (1995). The 1968 Act is intended "to make possible medical assistance to those recipients determined to be eligible under this chapter to receive medical assistance that conforms to the requirements of title XIX of the Social Security Act [codified in 42 U.S.C. 1396 *et seq.*(1992 & Supp. 1996)] and the regulations promulgated pursuant thereto." T.C.A. § 71-5-102 (1995).

T.C.A. § 71-5-117 provides in part, pertinent to the issue before us:

> **71-5-117. Recovery of benefits - State's right of subrogation - Assignment of insurance benefit rights - Commissioner authorized to require certain information identifying persons covered by third parties - State's right of action. -** (a) Medical assistance paid to, or on behalf of, any recipient cannot be recovered from a beneficiary unless such assistance has been incorrectly paid, or, unless the recipient or beneficiary recovers or is entitled to recover from a third party reimbursement for all or part of the costs of care or treatment for the injury or illness for which the medical assistance is paid. To the extent of payments of medical assistance, the state shall be subrogated to all rights of recovery, for the cost of care or treatment for the injury or illness for which medical assistance is provided, contractual or otherwise, of the recipients against any person. Medicaid payments to the provider of the medical services shall not be withdrawn or reduced to recover funds obtained by the recipient from third parties for medical services rendered by the provider if these funds were obtained without the knowledge or direct assistance of the provider of medical assistance. When the state asserts its right to subrogation, the state shall notify the recipients in language understandable to all recipients, of recipient's rights of recovery against third parties and that recipient should seek the advice of an attorney regarding those rights of recovery to which recipient may be entitled.

42 U.S.C. § 1396a (Supp. 1996) states in pertinent part:

3

**1396a. State plans for medical assistance**

**(a) Contents**
    A state plan for medical assistance must --

        *                *                *
**(25)** provide --

**(A)** that the State or local agency administering such plan will take all reasonable measures to ascertain the legal liability of third parties (including health insurers, group health plans (as defined in section 607(1) of the Employee Retirement Income Security Act of 1974 [29 U.S.C.A. § 1167(1)]), service benefit plans, and health maintenance organizations) to pay for care and services available under the plan, including--
        (i) the collection of sufficient information (including the use of information collected by the Medicare and Medicaid Coverage Data Bank under section 1320b-14 of this title and any additional information as specified by the Secretary in regulations) to enable the State to pursue claims against such third parties, with such information being collected at the time of any determination or redetermination of eligibility for medical assistance, and
        (ii) the submission to the Secretary of a plan (subject to the approval by the Secretary) for pursuing claims against such third parties, . . . .

        *                *                *

**(B)** that in any case where such a legal liability is found to exist after medical assistance has been made available on behalf of the individual and where the amount of reimbursement the State can reasonably expect to recover exceeds the costs of such recovery, the State or local agency will seek reimbursement for such assistance to the extent of such legal liability . . . .

The Med asserts that Medicaid payments are a part of social security benefits and that "the wording of the statute [T.C.A. § 29-26-119] is clear that plaintiff cannot recover medical expenses paid for by social security benefits."

Our Supreme court was faced with a similar issue in ***Nance by Nance v. Westside Hosp.***, 750 S.W.2d 740 (Tenn. 1988). In ***Nance***, the Court considered the question of whether worker's compensation benefits were included within the scope of T.C.A. § 29-26-119. Plaintiff Nance sustained a back injury during the course of his employment with Stauffer Chemical Company. During surgery to repair a damaged disc, he suffered an adverse reaction to an anesthetic resulting in serious permanent injuries. The plaintiff's guardian brought a medical malpractice suit against the hospital and other health care providers. Stauffer Chemical intervened in the suit in order to assert its statutory subrogation lien for worker's compensation benefits paid to and

4

for Nance. The defendants asserted that under T.C.A. § 29-26-119, the worker's compensation benefits "paid or payable" to the plaintiff constituted

collateral source benefits that were not recoverable against the defendants.

The Court determined that although worker's compensation benefits are not specifically provided for in T.C.A. § 29-26-119, such benefits are included in the general wording "any other source," because worker's compensation benefits are within the same classification of benefits specified in the statute. The Court held that the plaintiff could recover from the defendants the amount of worker's compensation benefits paid to, or on behalf of, the plaintiff. The Court stated:

> [W]e think the Legislature intended to exclude worker's compensation benefits from the scope of T.C.A. § 29-26-119 by the inclusion of the modifying phrase "and such losses are not replaced, or indemnified." In order to mitigate the damages, the statute requires that the benefits be paid or payable and also indemnify or replace the tort victim's losses. That phrase avoids a double recovery by tort victims and also removes from the statute any collateral source that has subrogation rights. Where benefits carry a right of subrogation and a legal obligation on the part of the tort victim to repay the collateral source, the tort victim's losses have not been replaced or indemnified.

*Nance*, 750 S.W.2d at 743.

We view the decision in *Nance* as dispositive of the issue before us. The Med, however, contends that *Nance* is distinguishable because worker's compensation benefits are not specified in the statute, while social security benefits are so specified. This distinction is tenuous at best. The Nance Court held that the specifically listed benefits in T.C.A. § 29-26-119 are in the classification of "collateral source benefits," and that worker's compensation benefits are in the same classification. Thus, the statutory language "any other source" includes worker's compensation benefits.

Defendant also asserts that pursuant to T.C.A. § 71-5-117, the state has only a right of subrogation, and, therefore, if the recipient of the medical assistance cannot recover, the state cannot recover. We must respectfully disagree. The *Nance* Court held that where there is a right of subrogation, or a legal obligation on the part of the tort victim to repay the collateral source,

5

the victim's losses have not been "replaced or indemnified," and, therefore, the benefits so paid are recoverable by the plaintiff. We fail to find a meaningful distinction between the nature of the benefits paid in *Nance* and the benefits paid in the case at bar.

Defendant argues that the right to recover the amount of the Medicaid payments is based solely on subrogation pursuant to T.C.A. § 71-5-117, and that since the recipient's claim is barred by T.C.A. § 29-26-119, there can be no claim by the subrogee. Defendant may have overlooked the provisions of 42 U.S.C. 1396a (a) 25(A) which mandates that Medicaid payments to a tort victim should be borne by the tortfeasor when possible. The effect of 42 U.S.C. § 1396a (a) 25(A) was considered in *Harlow v. Chin*, 545 N.E.2d 602 (Mass. 1989), where the plaintiff brought a medical malpractice action against a doctor based on the doctor's failure to diagnose a herniated disc in the plaintiff's back. Plaintiff had received Medicaid benefits and defendant argued that the Medicaid payments constituted collateral source benefits under the Massachusetts medical malpractice statute, and, therefore, plaintiff could not recover the amount of the Medicaid payments from the defendant. In holding that the amount of the Medicaid payments were recoverable, the Supreme Judicial Court of Massachusetts stated:

> A Federal statute requires that States receiving Federal funds must pursue recovery of the funds from legally liable third parties. 42 U.S.C. § 1396a (25) (1982). A Federal regulation requires the State to reimburse the Federal government a proportion of such recovery. A State statute duly provides for recovery from third parties and subrogation of the plaintiff's claim.
>
> The defendants argue with regard to Medicaid benefits that there is no right of subrogation "based in any federal law" within the meaning of G.L. c. 231, § 60G(c). We disagree. The Federal statute implementing partial reimbursement of State Medicaid programs mandates that any State receiving these funds must pursue reimbursement from legally liable third parties. The fact that technically a State statute provides for the subrogation is irrelevant. Because the Commonwealth's pursuit of reimbursement is required by Federal law, the right of subrogation is "based in" Federal law.

545 N.E.2d at 610 (citations and footnotes omitted).[2]

---

[2]For similar results, see *Lusby by and through Nichols v. Hitchner*, 642 A.2d 1055 (N.J. Super. Ct. App. Div. 1994), *Marmorino v. Housing Authority of the City of Newark*, 461 A.2d 171 (N.J. Super. Ct. LawDiv. 1983).

At issue is whether the Medicaid program or the defendant health care provider should bear the costs of Medicaid payments made to the injured tort victim. Both federal law and T.C.A. § 71-5-117 require reimbursement of Medicaid payments by responsible third parties. In *Nance*, the worker's compensation statute accomplished the same purpose. In the case at bar, as in *Nance*, the plaintiff's "losses are not replaced or indemnified in whole or in part." *Nance* removes any doubt that benefits falling in this category are recoverable.

The judgment of the trial court is affirmed, and the case is remanded for such further proceedings as may be necessary. Costs of the appeal are assessed against the appellant.

_____
**W. FRANK CRAWFORD,**
**PRESIDING JUDGE, W.S.**

**CONCUR:**

_____
**DAVID R. FARMER, JUDGE**

_____
**HOLLY KIRBY LILLARD, JUDGE**