another, actually or constructively, but in furtherance of the felony, causes the death of another person.

While the statute, even without the "ensues clause," might well be so interpreted and applied, it was within the legislative province to give unmistakeable and emphatic expression of this intent. It does not follow, therefore, as thought by the majority and expressed in *State v. Burton,* 130 *N. J. Super.* 174 (Law Div. 1974), that the "ensues clause" is mere surplusage and acquires a sensible meaning, together with the final phrase of the statute, only upon a thesis of proximate cause. On the contrary, in my view the "ensues clause" underscores a legislative intent, in defining felony murder, to expand the class of victims whose death might occur in the course of a felony and to cover killings which might otherwise be considered too distantly connected with the felony, provided they fall within its *res gestae.* So understood, the entire statute makes reasonable sense when limited only to a defendant who actually participates in the killing, or does so through the agency of a partner in the crime, whether as a principal or an aider and abettor, whether directly or indirectly, by acts or conduct in furtherance of the commission of the felony.

In other respects, I concur in the majority opinion.

DEPENDABLE CONTAINER SERVICE, INC., PLAINTIFF-APPELLANT, v. NEW JERSEY TURNPIKE AUTHORITY, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Submitted June 17, 1975—Decided June 24, 1975.

Before Judges KOLOVSKY, LYNCH and ALLCORN.

*Messrs. Ronca & McDonald,* attorneys for appellant (*Mr. John J. Ronca* on the brief).

*Messrs. McElroy, Connell, Foley & Geiser,* attorneys for respondent (*Mr. William H. Graham,* of counsel and on the brief).

PER CURIAM. ▮▮ The New Jersey Turnpike Authority is so plainly and clearly a public entity within the meaning of that term as defined in *N. J. S. A.* 59:1–3, as to leave no room for construction. See *N. J. S. A.* 27:23–1 *et seq.* Consequently, the present action — a subrogation action in which the insurer of the plaintiff is the real party in interest — is barred by the express proscription contained in the New Jersey Tort Claims Act. *N. J. S. A.* 59:9–2(e).
Affirmed.