141 N.J. Super. 297 (1976)
358 A.2d 201
JOSEPH CUCCI, PLAINTIFF-APPELLANT,
v.
JOSEPH J. JALDINI, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Submitted January 5, 1976.
Decided January 21, 1976.
*299 Before Judges ALLCORN, KOLE and KING.
Mr. Richard J. Weiner, attorney for appellant (Mr. Richard I. Ostrager, on the brief).
Messrs. Galvin, McLaughlin and Ryan, attorneys for respondent (Mr. Ricardo M. Ryan, on the brief).
PER CURIAM.
Joseph Cucci sustained damage to his car as a result of an automobile accident involving an automobile owned by the office of the Hudson County Superintendent of Elections and Commissioner of Registration. Defendant Jaldini then held that office and was operating the car. Cucci was paid by his carrier. This action was instituted in Cucci's name but for the benefit of the carrier as subrogee.
Defendant Jaldini claimed that N.J.S.A. 59:9-2(e) of the New Jersey Tort Claims Act, which bars subrogation claims against a public employer or employee, precluded the action against him since at the time of the accident he was acting as a public employee and not in his private capacity. He moved for a dismissal of the complaint on that ground.
The trial judge took testimony on the motion. He concluded that at the time of the accident Jaldini was acting within the scope of his employment as a public employee; that the action was against him in his capacity as a public employee, and that N.J.S.A. 59:9-2(e) therefore barred this subrogation action. Judgment was entered in favor of defendant dismissing the complaint. This appeal followed.
N.J.S.A. 59:9-2(e) provides:
No insurer or other person shall be entitled to bring an action under a subrogation provision in an insurance contract against a public entity or a public employee.
Plaintiff relies on the comment to the provision indicating a "recognition that profit-making insurance companies are *300 in a better position to withstand losses * * * than are the already burdened public entities." Since the public agency here apparently is insured, it is argued, the statutory bar does not apply. We disagree. The language of the statute is clear and cannot be limited or modified by the comment. The legislative design to bar subrogation claims under the act is plain.
The remaining issue is whether at the time of the accident Jaldini was operating the public entity's automobile within or outside the scope of his employment. In the latter event, he would not be subject to the protection of N.J.S.A. 59:9-2(e) but would be liable as any "person in the private sector." N.J.S.A. 59:3-14(b) provides that nothing in the Tort Claims Act "shall exonerate a public employee from the full measure of recovery applicable to a person in the private sector if it is established that his conduct was outside the scope of his employment * * *."
The trial judge found that defendant, who was driving home from his office at about noon on the day in question in the automobile owned by the public entity, was operating it within the scope of his employment.
Operation by an employee of a car owned by an employer raises a rebuttable presumption that the driver was acting within the scope of his employment when he is involved in an accident injuring or causing damage to others. Krolak v. Chicago Express, Inc., 10 N.J. Super. 60 (App. Div. 1950); Coopersmith v. Kalt, 119 N.J.L. 474 (E. & A. 1937).
Whether the presumption is rebutted by the proofs as a matter of fact or law depends, of course, on the evidence presented. This would involve a consideration, among other things, of the nature and duties of defendant's employment as Superintendent of Elections and Commissioner of Registration. If the use of the automobile to go home at the time involved was authorized, expressly or impliedly, and was in the interest of the public entity's business, it would be within the scope of his employment. If, however, it was unauthorized, *301 expressly or impliedly, or was merely in furtherance of his own purposes, it would not be within the scope of such employment. See Wright v. Globe Porcelain Co., 72 N.J. Super. 414 (App. Div. 1962); Krolak v. Chicago Express, Inc., supra; Demerest v. Guild, 114 N.J.L. 472 (E. & A. 1934); Wallace v. Perine Co., 113 N.J.L. 20 (E. & A. 1934); Dunbaden v. Castles Ice Cream Co., 103 N.J.L. 427 (E. & A. 1926); Depue v. Salmon Co., 92 N.J.L. 550 (E. & A. 1918); Van Horn v. Gibson, 133 N.J.L. 406 (Sup. Ct. 1945); 24 N.J. Practice (Automobile Law and Practice), § 664 (1964). See also Cox v. Bond Transp. Inc., 53 N.J. 186 (1969), concurring opinion at 221.
The hearing below was summary in nature, based as it was on a motion for summary judgment by defendant. The evidence is sparse as to whether in fact defendant was acting within the scope of his employment at the time of the accident.
We believe the interests of justice require that we reverse the judgment and remand the matter to the trial court for a further hearing involving a full exploration of this issue in the light of applicable law. The judge may then make a determination of this question, predicated on such additional proofs as may then be offered.
We do not retain jurisdiction.