201 N.J. Super. 314 (1985)
493 A.2d 36
MARSHA KRAMER, PETITIONER-RESPONDENT,
v.
SONY CORPORATION OF AMERICA, RESPONDENT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted April 22, 1985.
Decided May 6, 1985.
*315 Before Judges MORTON I. GREENBERG, O'BRIEN and GAYNOR.
Michals, Wahl, Silver & Leitner, attorneys for appellant (Sheldon Schiffman, on the brief).
Montano, Summers, Mullen, Manuel & Owens, attorneys for respondent (Robert V. Falvey, on the brief).
Irwin I. Kimmelman, Attorney General, filed a brief amicus curiae (James J. Ciancia, Assistant Attorney General, of counsel; Benjamin Clarke, Deputy Attorney General, on the brief).
The opinion of the court was delivered by MORTON I. GREENBERG, P.J.A.D.
This matter comes on before this court on appeal from an order of September 4, 1984 of the Division of Workers' Compensation requiring that respondent Sony Corporation[1] pay workers' compensation death benefits of $199 per week for 450 weeks or $89,550 less a credit for payments previously made. The order followed a hearing of July 30, 1984 at which Judge of Compensation William D. Hill held that respondent was not entitled to a credit by reason of a settlement petitioner received in a third-party action. Respondent does not question its basic *316 liability for compensation benefits and thus the only issue raised here relates to the effect of the settlement of the third-party action.
The facts are not in dispute. Petitioner's decedent while employed by respondent was killed in an automobile accident arising out of and in the course of his employment. As a result respondent's insurance carrier, Great American Insurance Company, voluntarily began paying dependency benefits to his widow, the petitioner. Petitioner instituted a third-party wrongful death and survivorship action against the owner of the other vehicle in the accident, the Township of Voorhees, and its employee, Charles Thomas Jack, who was operating the vehicle. The township and its employee were insured for the claim and defended by Underwriters Adjusting Company, which settled the third-party action for $400,000, divided $395,000 for the wrongful death and $5,000 for the survivorship claim. When the third-party action was settled the parties to it were aware of the ongoing compensation payments. In recognition of them the following provision was included in the release delivered by petitioner as general administratrix and administratrix ad prosequendum:
In the event that Great American Insurance Co., Worker's Compensation carrier for Sony Corporation, attempts to withhold payment of further compensation, or attempts to recover any compensation payments previously made to Marsha Kramer upon the ground that the settlement herein has relieved the compensation carrier from further payments or that said compensation carrier is entitled to reimbursement for the benefits paid, then Underwriters Adjusting Company, on behalf of the Township of Voorhees and Charles Thomas Jack, shall defend any such claim brought by the compensation carrier or it shall institute an appropriate action to compel continued compensation payments; and if the compensation carrier is successful in obtaining reimbursement or in being relieved of further payments of compensation because of the settlement herein, then Underwriters Adjusting Company shall make such compensation payments as would have been made by the compensation carrier.
If the Worker's Compensation carrier discontinues payments to the Releasor because of the settlement herein, written notice shall be given to Underwriters Adjusting Company who shall make such payments as the compensation carrier would have made and the Releasor shall and does hereby assign her right of *317 recovery from the Worker's Compensation carrier to Underwriters Adjusting Company to the extent of payments so made.
Following the third-party settlement respondent discontinued paying compensation to petitioner. Consequently Underwriters filed a motion in the Division of Workers' Compensation seeking an order compelling respondent to continue making the dependency claim benefits. This motion was considered on July 30, 1984. At that time Judge Hill in an oral opinion held that it was the policy of the New Jersey Torts Claims Act, N.J.S.A. 59:1-1 et seq., to relieve the municipality of the burden of the loss from claims and this end would be furthered by precluding respondent from bringing a subrogation claim for its compensation payments. It thus followed that respondent's liability for compensation payments was not discharged. In the judge's view the fact that the third-party settlement was paid by an insurance carrier rather than the defendants themselves would not matter. The order of September 4, 1984 and this appeal followed.
We are required on this appeal to harmonize N.J.S.A. 34:15-40, a provision of the workers' compensation act, and N.J.S.A. 59:9-2(e), a provision of the tort claims act. Each of these sections seeks to shift the burden of loss compensable under the liability plan established in the respective acts to other parties. N.J.S.A. 34:15-40 provides that a third party shall not be relieved of liability to an injured employee or his dependents because the employee or his dependents have a right to compensation under the workers' compensation act. However, subject to provisions for division of the expenses of the third-party action, the employer or its insurance carrier is to obtain the benefit of the third-party recovery to the extent that it has paid or is liable for compensation payments. See Rivera v. Metropolitan Maintenance Co., 197 N.J. Super. 629, 636 (App.Div. 1984). Thus a loss which would in the absence of a liability claim be allocated to an employer is shifted to a third party.
N.J.S.A. 59:9-2(e) provides as follows:

*318 If a claimant receives or is entitled to receive benefits for the injuries allegedly incurred from a policy or policies of insurance or any other source other than a joint tortfeasor, such benefits shall be disclosed to the court and the amount thereof which duplicates any benefit contained in the award shall be deducted from any award against a public entity or public employee recovered by such claimant; provided, however, that nothing in this provision shall be construed to limit the rights of a beneficiary under a life insurance policy. No insurer or other person shall be entitled to bring an action under a subrogation provision in an insurance contract against a public entity or public employee.
Accordingly N.J.S.A. 59:9-2(e) seeks to shift the burden of compensating an injured claimant with a claim under the tort claims act to third parties.
In The Travelers Insurance Company v. Collella, 169 N.J. Super. 412 (App.Div. 1979) we dealt with the interplay between N.J.S.A. 34:15-40 and N.J.S.A. 59:9-2(e). There Collella was injured in an accident arising out of and in the course of his employment in a collision with a Willingboro police car. Collella's employer's workers' compensation insurance carrier, The Travelers Insurance Company, paid him $5,202.45 in workers' compensation benefits. Collella instituted an action against Willingboro and the police officer who operated the car and recovered a judgment for $30,698.37. Travelers then brought an action for reimbursement under N.J.S.A. 34:15-40 for the benefits it had paid. We held that N.J.S.A. 59:9-2(e) barred the action because the township was entitled under that section to a deduction for the benefits paid to Collella by Travelers. 169 N.J. Super. at 415. Thus as between the loss-shifting provisions of N.J.S.A. 34:15-40 and N.J.S.A. 59:9-2(e) we held the latter to be paramount.[2]
Respondent seeks to distinguish Travelers on three bases. It contends that here petitioner has received a double recovery because Voorhees Township has received no credit for the *319 workers' compensation award.[3] Secondly it asserts that inasmuch as our result in Travelers was predicated in part on the need to protect public entities (169 N.J. Super. at 415) its rationale should not apply in a case in which the entity is insured. Finally respondent contends that N.J.S.A. 59:9-2(e) should be enforced only where the liability of a public entity has been fixed by a court so that the amount of the compensation award may be deducted from the judgment.
We reject respondent's contentions. Firstly we see no reason to believe that petitioner has made a double recovery. We, of course, were not privy to the negotiations leading to the settlement. But it is apparent that petitioner's claim was valued by the parties as including the workers' compensation benefits, for the release required that Underwriters would seek to compel respondent to continue making the payments if it resisted doing so. Alternatively, if respondent was successful in obtaining reimbursement or was relieved from further payments, Underwriters agreed to make the compensation payments. Thus petitioner's loss was valued at $400,000 plus the amount of the compensation benefits.
The fact that the township and its employee were insured is not germane. In Cucci v. Jaldini, 141 N.J. Super. 297 (App. Div. 1976) we held that a subrogation action in the name of an insured for property damage arising from an automobile accident could not be brought against an insured public employee acting in the scope of his employment at the time of the accident. Further we point out while we cannot say that the cost of insurance to the township will be directly affected by this case, it is obvious that overall the cost of insurance to public entities reflects payments made on their behalf by their insurance carriers. Certainly in the long run savings made by insurance carriers will result in lower premiums.
*320 Nor should our result be changed by the fact that petitioner settled her third-party claim. We see no substantive difference between allowing a credit to a public entity for a workers' compensation award against a judgment for the full value of a liability claim and a settlement which contemplates that the public entity pay less than the full value of the claim with the balance allocated to a compensation award. Further respondent's argument if accepted would discourage settlements, for the parties to the third-party action by settling would eliminate a source of funds available to the injured party. In view of the strong policy in favor of settlements we will not reach such a result. See Ehrenworth v. Ehrenworth, 187 N.J. Super. 342, 349 (App.Div. 1982); Honeywell v. Bubb, 130 N.J. Super. 130, 135-136 (App.Div. 1974). We are satisfied that the parties to the third-party action developed a workable mechanism to contribute to the settlement of their action.
Respondent cites Marmorino v. Newark Housing Auth., 189 N.J. Super. 538 (Law Div. 1983) in support of its position. But that case does not assist it. Marmorino did hold that the defendant, a public entity, was not entitled to claim an offset under N.J.S.A. 59:9-2(e) for medical expenses paid by Medicaid. But the result was compelled by federal law which requires that action be taken against third parties to recover expenses paid pursuant to the Medicaid program. Thus just as N.J.S.A. 59:9-2(e) seeks to shift responsibility for satisfaction of a loss under the torts claim act so does the federal law under the Medicaid program. Understandably the court in Marmorino gave effect to the federal requirement. We are not similarly required to defer to the workers' compensation act.
Finally respondent argues that Travelers was wrongly decided. We reject this contention as we agree with Travelers. See also S.E.W. Friel Company v. New Jersey Turnpike Authority, 73 N.J. 107, 118 (1977).
The order of September 4, 1984 is affirmed.
NOTES
[1] We refer to Sony and its insurance carrier interchangeably as respondent.
[2] Travelers was brought in the Law Division. We question whether that court had jurisdiction. See New Jersey Mfrs. Ins. Co. v. Blau, 194 N.J. Super. 27 (App.Div. 1984). But in our view this doubt does not impact on the authority of the case as a precedent. See R. 1:13-4(b).
[3] Inasmuch as N.J.S.A. 59:9-2(e) applies both to public entities and public employees in actions under the tort claims act, for convenience we refer to both the township and its employee as the entity.