EILEEN WUNSCHEL, GENERAL ADMINISTRATRIX AND ADMINISTRATRIX AD PROSEQUENDUM OF THE ESTATE OF CHRISTIAN WUNSCHEL, DECEASED, AND RAE ANN WUNSCHEL, AN INFANT BY HER GUARDIAN AD LITEM, EILEEN WUNSCHEL, PLAINTIFFS-RESPONDENTS, v. CITY OF JERSEY CITY AND ARNOLD SACHS, DEFENDANTS-RESPONDENTS, AND A.A.A. UNIFORMS, INC., DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted February 10, 1986—Decided February 25, 1986.

Before Judges MORTON I. GREENBERG, J.H. COLEMAN and HAVEY.

*Michals, Wahl, Silver & Leitner,* attorneys for defendant-appellant (*Sheldon Schiffman,* on the brief).

*Pearlman, Krumholz, Horn & Shechtman,* attorneys for plaintiffs-respondents (*Alan L. Krumholz,* on the brief).

*Franchino, Lenahan & Cross,* attorneys for defendant-respondent Arnold Sachs (*Eugene A. Cross,* on the brief).

No brief was filed on behalf of defendant-respondent City of Jersey City.

The opinion of the court was delivered by

GREENBERG, P.J.A.D.

This case comes on before this court on appeal from an order entered in the Law Division following the remand of this case for trial by the Supreme Court in *Wunschel v. City of Jersey City,* 96 *N.J.* 651 (1984). Inasmuch as the background of the matter was fully set forth by the Supreme Court we will not repeat it. In fact there was no trial on the remand as plaintiffs' case was settled for $175,000 divided as follows: $75,000 paid directly by the City of Jersey City, $75,000 paid by Appalachian Insurance Company, the insurance carrier for the city for the tort claim, and $25,000 paid by Nationwide Insurance Company, the homeowner's insurance carrier for Arnold Sachs.[1] Following the settlement, Great American Insurance Company, the workers' compensation carrier for A.A.A. Uniforms, Inc., which had been held responsible under the compensation act as an employer of the decedent for survivorship benefits for the same events settled on the remand, asserted a lien under *N.J.S.A.*

---

[1]The matter was remanded for trial only against Sachs as the City had obtained a dismissal upheld by the Supreme Court on the ground that plaintiffs had failed to file a claim within 90 days as required by the New Jersey Tort Claims Act, *N.J.S.A.* 59:8–8. Thus it is not clear from the status of the matter why the City and Appalachian contributed to the settlement and the record on this appeal sheds no light on this question. While we can conceive of certain reasons for the settlement and indeed, even in the face of our result, its wisdom, we decline to speculate on the City's and Appalachian's motives.

34:15–40 on the proceeds of the settlement. *N.J.S.A.* 34:15–40 provides in general that the payment of workers' compensation will not preclude a third party tort action by or on behalf of the employee but that, subject to certain expense sharing provisions, an employer or its insurance carrier paying workers' compensation shall receive the benefit of the third party recovery to the extent of the workers' compensation paid or owing. *See Rivera v. Metropolitan Maintenance Co.,* 197 *N.J.Super.* 629, 636 (App.Div.1984). Great American conceded, however, that it had no lien against the $75,000 paid by the City itself and thus limited its claim to the other two segments of the settlement, the payments made by Appalachian and Nationwide.

The matter was then brought on in the Law Division on plaintiffs' motion seeking an order that the entire settlement of $175,000 was free of Great American's lien claim. The motion judge considered the matter was controlled by *The Travelers Insurance Company v. Collella,* 169 *N.J.Super.* 412 (App.Div. 1979). In *Travelers* we ruled that when a person receives workers' compensation benefits from his employer's insurance company for injuries from an accident and later recovers a tort judgment against a municipal entity and its employee for the injuries, the workers' compensation carrier may not assert a lien against the tort recovery under *N.J.S.A.* 34:15–40. We reached that result as the New Jersey Tort Claims Act, *N.J. S.A.* 59:1–1 *et seq.,* in *N.J.S.A.* 59:9–2(e) requires that the municipality receive the benefit of the compensation payments. In light of *Travelers* the judge granted plaintiffs' motion and thus on March 13, 1985 he signed an order providing that Great American could assert no claim against the settlement. Great American in the name of A.A.A. has appealed from that order.

Following the filing of the notice of appeal we decided *Kramer v. Sony Corp. of America,* 201 *N.J.Super.* 314 (App. Div.1985), holding that in a settlement of a claim under the New Jersey Tort Claims Act an insurance carrier insuring a municipality and its employee could agree with the injured party that he would continue to receive workers' compensation

payments for the same injury from his employer's insurance carrier thus precluding the assertion of a lien under *N.J.S.A.* 34:15-40. Great American does not ask us to reconsider *Kramer* and thus it limits the appeal: "to the sole issue as to whether or not the Twenty Five Thousand ($25,000) Dollars that was contributed to the settlement on behalf of defendant, Arnold Sachs, by his homeowner's insurance company, Nationwide Insurance Co., is or should be free of any lien as established under *N.J.S.A.* 34:15-40."

The ultimate issue on this appeal is which of the loss-shifting provisions of *N.J.S.A.* 34:15-40 or *N.J.S.A.* 59:9-2(e) is paramount when a private insurance carrier for a tortfeasor who happens to be a public employee settles a tort claim. Ordinarily, of course, there is no doubt but that if the tortfeasor is not a public entity or employee, *N.J.S.A.* 34:15-40 would govern. Here we see no reason why this usual rule should not apply. It is true that Sachs was a public employee at the time of the accident. But recognition of that circumstance does not end our inquiry for the New Jersey Tort Claims Act does not purport to establish the liabilities and immunities of a public employee in all of his endeavors. Rather the act is clearly concerned with conduct relating at least in some way to his employment for the act does not exonerate a public employee from liability or damages applicable to a private person if the conduct in question is outside the scope of his employment. *N.J.S.A.* 59:3-14. Thus a public employee could not assert an immunity under the tort claims act against a claim that as a result of negligent maintenance of his personal residence a social guest visiting him was injured. Accordingly we resolve this appeal by determining whether at the time of the incident Sachs was acting inside or outside the scope of his employment. *See Cucci v. Jaldini*, 141 *N.J.Super.* 297, 299-300 (App.Div. 1976).

Here it is quite clear from the Supreme Court opinion that Sachs was acting outside of his employment when the decedent was shot. The facts as set forth by the Supreme Court show

that on June 27, 1975 at about 5:00 p.m., Sachs left the police station in order to pick up decedent at A.A.A. to continue the police work. 96 *N.J.* at 656. When Sachs entered A.A.A.'s shop around 5:00 p.m., decedent was behind a sales counter and Michael Dudziak, a Garfield police officer and a potential buyer, was in front of it. *Ibid.* After decedent asked Dudziak if he wanted help, decedent began to help Dudziak select uniform pants that were for sale. *Id.* at 660.

Sachs indicated the following then took place:

... Sachs told Wunschel that he was ready to go, and Wunschel told him to wait a minute. ... Sachs testified that he told Wunschel, 'he's got to get his a— out of there because we are on the clock.' But Sachs did stop to have a cup of coffee and to look at pearl pistol grips that were for sale in the store. Wunschel was still behind the counter. In the course of removing his gun from its holster to try out the pearl grips, Sachs discharged his revolver, striking Wunschel in the throat. Wunschel died of the wound. [*Id.* at 656]

Further, the Supreme Court opinion makes clear that Sachs admitted the accident occurred as he was removing his revolver to put on pearl grips that he wanted to buy. *Id.* at 660.

In our opinion no reasonable factfinder could conclude that Sachs' use of the revolver was authorized, expressly or impliedly, by the City or was in the furtherance of its interests or business. *Cucci v. Jaldini, supra,* 141 *N.J.Super.* at 300; *Corridon v. City of Bayonne,* 129 *N.J.Super.* 393, 396 (App. Div.1974). Thus we hold as a matter of law Sachs was acting outside the scope of his employment for purposes of this issue in this case.[2] We realize, of course, that the Supreme Court indicated that Sachs was acting in the course of his employment. 96 *N.J.* at 659. But that was in the context of determin-

---

[2]We recognize that the Supreme Court in the earlier appeal in this case held there was a factual question requiring jury resolution of decedent's status. But it does not follow from that decision that there was such a dispute of facts as to the status of Sachs. We regard the matter before us as requiring that we ascertain the legal consequences of undisputed facts. *See Nicholas v. Sugar Lo Co.,* 192 *N.J.Super.* 444, 451 (App.Div.1983), certif. den. 96 *N.J.* 284 (1984). We further note that plaintiffs themselves brought the matter on for resolution on a motion and did not then suggest and do not suggest on this appeal that a plenary hearing is required to resolve the matter.

ing the applicability of the fellow servant immunity of *N.J.S.A.* 34:15–8 which specifies that the immunity arises in cases of compensable injuries when the plaintiff and defendant are "in the same employ" and does not use language similar to that in *N.J.S.A.* 59:3–14 regarding conduct "outside the scope of his [the public employee's] employment." Thus our result is not inconsistent with the Supreme Court decision.

In view of our conclusion Great American may assert a lien under *N.J.S.A.* 34:15–40 against the $25,000 paid by Nationwide and thus as to that sum the order of March 13, 1985 is reversed. The matter is remanded to the Superior Court, Law Division, Hudson County, for entry of an order amending the order of March 13, 1985 in accordance with this opinion.