**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3142-18T4

WILLLIAM PSIUK,

     Petitioner-Appellant,

v.

JEN ELECTRIC,

     Respondent-Respondent.

Submitted January 14, 2020 – Decided January 29, 2020

Before Judges Gilson and Rose.

On appeal from the New Jersey Department of Labor and Workforce Development, Division of Workers' Compensation, Claim Petition No. 2011-11138.

Drazin & Warshaw, attorneys for appellant (John R. Connelly, Jr., on the brief).

Law Offices of Monique T. Moran, attorney for respondent (Patrick Ward Conner, on the brief).

PER CURIAM

In this compensation matter, William Psiuk appeals an order of the Division of Workers' Compensation approving his settlement with respondent Jen Electric, and an earlier order requiring Psiuk to satisfy Jen Electric's lien from the proceeds of Psiuk's settlement with a private entity tortfeasor in a third-party action. We affirm.

Psiuk was injured while working for Jen Electric on a municipal traffic signal when he was struck by a truck operated by an employee of a private entity. An off-duty police officer was monitoring the work site when the accident occurred. Psiuk filed a workers' compensation claim. He also filed a third-party negligence action in the Law Division against the private entity and the municipality.

Prior to trial, Psiuk settled his third-party action for one million dollars: the private entity paid $575,000; the municipality paid $425,000. Jen Electric filed a notice of lien against Psiuk's settlement with the private tortfeasor. See N.J.S.A. 34:15-40 (Section 40) (promulgating an employer's subrogation rights to third-party recoveries); Traveler's Ins. Co. v. Collella, 169 N.J. Super. 412, 415-16 (App. Div. 1979) (prohibiting the employer from seeking reimbursement of a Section 40 lien from a public entity). Psiuk objected to Jen Electric's lien

against Psiuk's settlement with the private entity, arguing the lien should be reduced by the percentage of the settlement paid by the public entity.

The judge of compensation denied Psiuk's motion to reduce the lien proportionately to the municipality's liability, and thereafter granted Jen Electric's motion to compel payment pursuant to Section 40.[1] That payment on the lien was only on the portion of the settlement paid by the private entity; that is, $575,000. In an oral decision immediately following argument, the judge aptly recognized Psiuk's "position has no basis statutorily or in case law." In reaching her decision, the judge rejected Psiuk's argument that – because a Section 40 lien cannot be asserted against a public entity – recovery against a private entity should be reduced by the public entity's percentage of the overall settlement. Thereafter, the parties settled their claims, and the judge of compensation issued the order approving settlement. This appeal followed.

On appeal, Psiuk renews the argument he asserted before the judge of compensation, raising a single point for our consideration:

> IN ACCORDANCE WITH [THE TORT CLAIMS ACT] A SECTION 40 LIEN . . . SHALL BE REDUCED BY THE PERCENTAGE OF A

---

[1] The parties only provided the transcript from Jen Electric's motion to fix the amount of the lien and compel payment; the parties did not provide the judge's decision regarding Psiuk's earlier motion.

SETTLEMENT PAID BY A PUBLIC ENTITY TORTFEASOR.

We have reviewed de novo the sole legal question raised on this appeal. Renner v. AT&T, 218 N.J. 435, 448 (2014). Having closely examined the record in light of Psiuk's argument, we conclude it is without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

We simply add the caselaw cited by Psiuk is inapplicable to the issue raised in this matter. See, e.g, Collella, 169 N.J. Super. at 415 ("Nobody doubts that were the tortfeasor one other than a public entity or public employee, the insurance company would unquestionably be entitled to reimbursement under [Section 40]."). See also Wunschel v. City of Jersey City, 208 N.J. Super. 234, 240 (App. Div. 1986) (recognizing the full amount of the recovery against a private tortfeasor was subject to the Section 40 lien where the employee settled his third-party action with private and public tortfeasors).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3142-18T4