655 So.2d 975 (1995)
ALFA MUTUAL INSURANCE COMPANY
v.
Barbara HEAD, et al.
1931331.
Supreme Court of Alabama.
February 10, 1995.
*976 Alex L. Holtsford, Jr. of Nix, Holtsford & Vercelli, P.C., Montgomery, for appellant.
Richard C. Dean, Jr. and Sabrina L. McKinney, Montgomery, for Lauren and Barbara Head.
SHORES, Justice.
In November 1993, Kent Edgar Davis was operating a motor vehicle in Elmore County, Alabama. His vehicle collided with a motor vehicle driven by Barbara Head and occupied by Lauren Head, a minor child.
At the time of the accident, Barbara Head and Lauren Head were insured under a policy of insurance issued by Alfa Mutual Insurance Company ("Alfa"). Davis was insured by Hartford Insurance Company ("Hartford").
In December 1993, Barbara Head and Lauren Head sued Davis, alleging that he had caused the accident. In their complaint, they sought, among other things, damages for bodily injuries, pain and suffering, loss of employment, and property damage. Alfa moved to intervene, alleging that, as a result of the damage done to Barbara Head's vehicle it had paid her $6,948.56 in collision damage benefits and that, because it had paid Barbara Head those insurance benefits, it was subrogated to any recovery awarded to Barbara Head and Lauren Head in their action against Davis.
The trial court denied Alfa's motion to intervene, holding that Alfa had a contractual right to subrogation, but that the subrogation right did not exist until the plaintiffs' claims were tried and damages were set by a jury or a settlement was reached between the plaintiffs and the defendant. Alfa appeals from the order denying intervention. We affirm.
During the course of the litigation, counsel for the plaintiffs indicated to Alfa that he would deduct a pro rata share of attorney fees and costs of litigation from the amounts to be paid to Alfa for reimbursement pursuant to its subrogation interest (when it is determined that Barbara Head has been made whole). Counsel for the Heads claims that he is entitled to the attorney fees and costs of litigation under the "common fund" doctrine. Alfa denied that counsel for the Heads was entitled to any portion of the subrogation amount. The trial court made no ruling on this issue.
*977 Alfa raises two issues: First, whether Alfa's right of subrogation made it error for the trial court to deny its motion to intervene, and second, whether the "common fund" doctrine requires Alfa to pay a pro rata share of the plaintiffs' attorney fees and the costs of the litigation.

INTERVENTION
Alfa moved to intervene under A.R.Civ.P. 24(a)(2) or 24(b)(2). Rule 24(a)(2) provides for intervention of right:
"Upon timely application, anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties."
Rule 24(b)(2) provides for permissive intervention:
"Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common."
To determine whether Alfa has a right to intervene, we must determine the "interest" necessary to support that right. The insurer has no right to subrogation unless and until the insured has been made whole for the loss. Powell v. Blue Cross & Blue Shield of Alabama, 581 So.2d 772 (Ala. 1990); Sharpley v. Sonoco Products Co., 581 So.2d 792, 794 (Ala.1990); McKleroy v. Wilson, 581 So.2d 796 (Ala.1990); Peck v. Dill, 581 So.2d 800 (Ala.1991); Complete Health, Inc. v. White, 638 So.2d 784 (Ala.1994). In Powell we discussed at length when an indemnitor's right to subrogation arises:
"For purposes of subrogation, the test for when the insured has been made whole is whether the injured plaintiff has been completely compensated for all of his loss. Likewise, all sources of reimbursement must be considered in determining the extent to which the plaintiff has been compensated. It is when the plaintiff's recovery from all sources exceeds the sum total of the plaintiff's damages that the right to subrogation arises."
581 So.2d at 777 (emphasis supplied).
Alfa seeks reimbursement of $6,498.56 for the benefits it paid Barbara Head under her collision coverage. Alfa argues that, because this case involves a property damage reimbursement claim, and not a health insurance claim, as in Powell and Complete Health, there is no reason why its subrogation right has not yet arisen in the circumstances of this case. We disagree. In Powell this court stated:
"Calculation of the plaintiff's loss requires the finder of fact to consider all elements of that loss, including, but not limited to, damage to property, medical expenses, pain and suffering, loss of wages, and disability.... [C]alculation of the amount received in compensation requires consideration of every payment made to, or on behalf of, the plaintiff that arises out of the damages sustained in the event that gave rise to the cause of action."
581 So.2d at 778 (emphasis added). In Powell, this Court also stated:
"It is irrelevant as to how the indemnitee may allocate the amounts recovered from the tort-feasor (e.g., it is irrelevant that the complaint may seek damages only for pain and suffering or that the settlement or judgment states that the amount recovered is only for pain and suffering). The court will look to the total dollar amount recovered by the indemnitee, from whatever source, as compensation for his loss."
581 So.2d at 779.
Based on this authority, we hold that Alfa's subrogation claim does not arise until the plaintiffs' recovery from all sources, including any recovery for property damage, exceeds the total of the plaintiffs' damage or loss. Once the Heads have been made whole for their losses caused by the accident with Davis, then Alfa's right to subrogation will arise. Powell, supra. At this time, Alfa does not have a direct, substantial, and protectable interest, because it does not appear that the plaintiffs have been fully compensated for their loss. Because Alfa lacks such an *978 interest under Rule 24(a)(2), it may not intervene as of right.
Permissive intervention under Rule 24(b)(2) is within the discretion of the trial court, and we will not reverse the trial court's ruling on that question absent an abuse of that discretion. McKleroy v. Wilson, 581 So.2d 796, 799 (Ala.1990); Universal Underwriters Ins. Co. v. East Central Alabama Ford-Mercury, Inc., 574 So.2d 716, 723 (Ala.1990). Unlike Rule 24(a)(2), Rule 24(b)(2) is a discretionary tool to be used by the trial court. We find no abuse of discretion in the trial court's order denying intervention.

ATTORNEY FEES AND COSTS
We further note that the issue of attorney fees is not yet ripe for review, because there has been no recovery and no trial court ruling on the issue. Nonetheless, the trial court may find our decision in CNA Insurance Companies v. Johnson Galleries of Opelika, Inc., 639 So.2d 1355 (Ala.1994), instructive on this issue. In holding that a liability insurer's subrogation interest in an insured retailer's recovery from third parties was not required to be reduced, under the "common fund" doctrine, by an amount attributable to a portion of the fees owed to the insured's attorneys for their work in obtaining a recovery from third parties, this Court stated:
"The `common fund' doctrine is an exception to the general rule that attorney fees are not recoverable. Mitchell v. Huntsville Hosp., 598 So.2d 1358, 1361 (Ala.1992). If it applied in a case like this one, it would permit a plaintiff's attorney to recover attorney fees from others who directly benefit from the attorney's efforts in obtaining a recovery for his or her client. However, if the attorney is simply acting on behalf of his or her client, and a benefit only incidentally comes to others, the attorney is not entitled to a fee from those receiving the incidental benefit. In this regard, a benefit can be an incidental, rather than an intended, result of an attorney's efforts, if the relationship between the attorney and the `nonclient' person receiving the benefit is an adversarial one.
"It is clear from undisputed facts that Johnson's attorneys did not seek the roofing company recovery to benefit anyone other than their client; this is evident from their client's adversarial relationship with CNA as to its entitlement, through subrogation, to any of that settlement. Johnson's attorneys actively and consistently sought to prevent CNA from obtaining any of that settlement. The only reasonable inference to be drawn is that in obtaining the recovery from the roofing company, Johnson's attorneys were simply acting on behalf of their client. We conclude that Johnson's attorneys would not be entitled to recover attorney fees from CNA on a common fund theory."
639 So.2d at 1359 (citations omitted).
Based on our decision in Powell, we affirm the trial court's ruling as to when Alfa's right to subrogation arises. Accordingly, we affirm the denial of Alfa's motion to intervene.
AFFIRMED.
ALMON, KENNEDY, INGRAM and COOK, JJ., concur.
HOUSTON, J., dissents.
HOUSTON, Justice (dissenting).
I think the majority opinion in this case exacerbates the error made by the plurality opinion in Powell v. Blue Cross & Blue Shield, 581 So.2d 772 (Ala.1990).
Liability coverage provided for "property damage" is different from liability coverage for personal injury, and it has a limit of liability different from the limit of liability for personal injury.
Rule 17, A.R.Civ.P., in pertinent part, provides:
"Every action shall be prosecuted in the name of the real party in interest....
"In subrogation cases, regardless of whether subrogation has occurred by operation of law, assignment, loan receipt, or otherwise, if the subrogor no longer has a pecuniary interest in the claim, the action shall be brought in the name of the subrogee. If the subrogor still has a pecuniary interest in the claim, the action shall be *979 brought in the names of the subrogor and the subrogee."
The majority opinion denies Alfa its right to intervene; that is error.