GEICO Insurance Company ("GEICO") appeals from the trial court's denial of its motion to intervene as a plaintiff in an action filed by Fay Lyons, one of its automobile insurance policyholders, and her daughter, Rhea Lyons.
The Lyonses suffered personal injuries in a multiple-vehicle accident in the City of Montgomery on January 7, 1994. Faye Lyons's car was damaged in the accident, and she made a collision coverage claim on her GEICO insurance policy. GEICO deemed her car a total loss and assessed its value at $12,221. After subtracting the policy's $500 deductible, GEICO paid Faye Lyons $11,721.
On January 18, 1994, the Lyonses sued Marion Berry, the driver of another vehicle involved in the accident, who they alleged had operated his vehicle negligently and had thereby caused the accident. The Lyonses sought damages based on allegations of personal injury and property damage resulting from the accident.
On April 18, 1994, GEICO filed a motion and a complaint in the trial court for intervention in the Lyonses' action, pursuant to Rule 24, Ala.R.Civ.P., alleging that it had contractual subrogation rights that it needed to protect. The Lyonses objected to GEICO's motion for intervention, claiming that, under Alabama law, GEICO would not have *Page 446 
a recognizable subrogation interest until the Lyonses had been fully compensated for their injuries and loss. Thereafter, on May 4, 1994, Berry moved to join GEICO as an indispensable party, under Rule 19, Ala.R.Civ.P. On June 9, 1994, the trial court denied both GEICO's motion and Berry's motion. On July 12, 1994, GEICO petitioned this Court to issue a writ of mandamus ordering the trial court to grant GEICO's motion to intervene. By an order of August 16, 1994, this Court treated GEICO's petition for a writ of mandamus as a timely appeal of the trial court's order.
Because GEICO's motion to intervene to protect its subrogation rights did not specify whether it sought intervention as of right under Rule 24(a), Ala.R.Civ.P., or permissive intervention under Rule 24(b), we treat it as a request for intervention under both procedures. However, under Alabama law an "insurer has no right to subrogation unless and until the insured is made whole for his loss." Powell v. BlueCross Blue Shield of Alabama, 581 So.2d 772, 777 (Ala. 1990).
GEICO claims that the $11,721 payment it made to Fay Lyons fully compensated her for the property damage she sustained because of the accident and that it therefore has a legal right to subrogation sufficient to warrant intervention in the Lyonses' action. Yet, it is clear that Fay Lyons has not been compensated for the $500 deductible GEICO subtracted from the assessed value of her car; nor has she been compensated for her personal injuries. This Court has ruled that in the context of an insurer's subrogation right, calculation of a plaintiff's loss requires that all elements of loss be considered, including property damage and personal injury. Powell, 581 So.2d at 778.
In Alfa Mut. Ins. Co. v. Head, 655 So.2d 975 (Ala. 1995), which involved nearly identical facts and concerned the same intervention issue raised here by GEICO, this Court ruled:
 "[W]e hold that [the plaintiffs' insurance company's] subrogation claim does not arise until the plaintiffs' recovery from all sources, including any recovery for property damage, exceeds the total of the plaintiffs' damage or loss. Once the [plaintiffs] have been made whole for their losses caused by the accident with [the defendant], then [the plaintiffs' insurance company's] right to subrogation will arise. At this time, [the plaintiffs' insurance company] does not have a direct, substantial, and protectable interest, because it does not appear that the plaintiffs have been fully compensated for their loss. Because [the plaintiffs' insurance company] lacks such an interest under Rule 24(a)(2), it may not intervene as of right."
655 So.2d at 977-78 (citation omitted). That same holding is applicable to GEICO.
Further, as was noted in Head, "[p]ermissive intervention under Rule 24(b)(2) is within the discretion of the trial court, and we will not reverse the trial court's ruling on that question absent an abuse of that discretion." 655 So.2d at 978. GEICO has not demonstrated that the trial court abused its discretion in denying permissive intervention.
We affirm the order denying GEICO's motion to intervene.
AFFIRMED.
ALMON, SHORES, INGRAM and COOK, JJ., concur.
MADDOX and HOUSTON, JJ., dissent.