This is an appeal from the denial of an award of an attorney fee in an insurance subrogation case.
On January 7, 1994, Faye Lyons, the owner and driver of an automobile, and Rhea Lyons, her daughter and passenger, were injured in an automobile accident. In January 1994, the Lyonses sued Marion Berry, the driver of the other automobile, alleging that Berry had negligently or wantonly operated her vehicle and had thereby caused personal injury to the Lyonses and property damage to Faye's vehicle.
GEICO Insurance Company, Faye's insurer, moved to intervene, alleging that it had paid Faye $11,721.20 for the property damage to her vehicle and that it was, therefore, entitled to subrogation. The Lyonses objected to the intervention, arguing that, according to Alabama case law, GEICO was not entitled to a subrogation interest until the Lyonses had been made fully whole for all loss or damage. The court denied GEICO's motion to intervene; our supreme court upheld that denial, stating that GEICO could not intervene until the Lyonses had been made whole or fully compensated for all losses from the accident.GEICO Insurance Co. v. Lyons, 658 So.2d 445, 446 (Ala. 1995).
Following a settlement between the Lyonses and Berry, the Lyonses asked GEICO to pay from its subrogation interests a pro rata share of their attorney fees and expenses; GEICO refused, and the Lyonses moved to enforce the settlement and to compel payment. The court denied the motion, stating:
 "From the outset of this action Lyons actively sought to prevent GEICO from participating in her suit against Berry. Granted, their resistance was partially grounded on a legal theory which prevailed; however, it would be a legal anomaly for the Court to hold that GEICO must share in Lyons' attorney's fees when Lyons prevailed on this Court and the Alabama Supreme Court to prevent GEICO from actively participating in the prosecution of the action."
The Lyonses appeal, arguing that GEICO should be required to pay and/or to contribute a pro rata share of attorney fees and expenses, based on the common fund doctrine.
"The general rule in Alabama is that attorney fees can be awarded only when 'authorized by statute, when provided in a contract, or by special equity, such as in a proceeding where the efforts of an attorney created a *Page 184 
fund out of which fees may be paid.' " InternationalUnderwriters/Brokers, Inc. v. Liao, 548 So.2d 163, 166
(Ala. 1989) (citation omitted). In this instance, there is neither a statutory provision, nor a contract requiring that GEICO contribute toward the Lyonses' attorney fee; therefore, the only basis for an award would be the common fund doctrine. In CNA Insurance Companies v. Johnson Galleries of Opelika,Inc., 639 So.2d 1355 (Ala. 1994), our supreme court stated:
 "The 'common fund' doctrine is an exception to the general rule that attorney fees are not recoverable. If it applied in a case like this one, it would permit a plaintiff's attorney to recover attorney fees from others who directly benefit from the attorney's efforts in obtaining a recovery for his or her client. However, if the attorney is simply acting on behalf of his or her client, and a benefit only incidentally comes to others, the attorney is not entitled to a fee from those receiving the incidental benefit. In this regard, a benefit can be an incidental, rather than an intended, result of an attorney's efforts, if the relationship between the attorney and the 'nonclient' person receiving the benefit is an adversarial one."
Id., at 1359 (citations omitted).
The court's ruling that the Lyonses are not entitled to a pro rata share of attorney fees from GEICO, is based on the Lyonses' adversarial position challenging GEICO's intervention as a party to the lawsuit. Although the parties had an adversarial relationship on the issue of whether GEICO could intervene in the trial of the case, the parties did not have an adversarial relationship as to whether GEICO was entitled to subrogation. In objecting to GEICO's request to intervene, the Lyonses argued that upon settlement GEICO would receive its full share of its subrogation interest. It appears that the Lyonses never had any intention of denying GEICO what it was entitled to under subrogation. Instead, they simply opposed the insurance company's intervention into the trial of the case — a position that is supported by case law.
In Alston v. State Farm Mutual Automobile Ins. Co.,660 So.2d 1314, 1316 (Ala.Civ.App. 1995), we stated: " '[I]t is the right to be subrogated to or reimbursed from the common recovery, rather than the right to be subrogated to the claim, which places an obligation on the insurer to pay a pro rata share of the costs expended in generating the benefits the insurer receives from the "common fund." ' " (Quoting Mathewsv. Bankers Life Casualty Co., 690 F. Supp. 984, 988
(M.D.Ala. 1988).)
The efforts of the Lyonses' attorney created the fund from which GEICO was paid its subrogation interest. The parties were not in an adversarial relationship as to GEICO's entitlement to subrogation, and the payment was not an incidental benefit to GEICO.
The judgment is reversed and the case is remanded for the trial court to require GEICO to pay and/or to contribute a pro rata share of attorney fees and expenses, based on the common fund theory.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.