734 So.2d 998 (1999)
Ex parte Brenda L. BROCK.
In re Robbie Dover and Syble Dover
v.
Brenda L. Brock.
1980301.
Supreme Court of Alabama.
April 23, 1999.
Joe L. Leak and C. Mark Bain of Friedman, Leak & Bloom, P.C., Birmingham, for petitioner.
E. Allen Dodd, Jr., of Scruggs, Jordan, Dodd & Dodd, P.A., Fort Payne, for respondents.
LYONS, Justice.
Brenda L. Brock, the defendant in an action pending in the Jefferson Circuit Court, petitions for a writ of mandamus directing Judge Edward L. Ramsey to vacate his order of November 3, 1998, denying her motion to add Medicare and/or Blue Cross-Blue Shield of Alabama as a real party in interest in this case. For the reasons discussed below, we deny the petition.
Robbie and Syble Dover sued Brock, alleging that Brock had negligently or wantonly allowed her motor vehicle to collide with the motor vehicle in which the *999 Dovers were riding. The Dovers alleged that as a result of the collision they had suffered physical injuries, experienced mental anguish, and incurred medical expenses.
During discovery, Brock learned that Medicare and/or Blue Cross-Blue Shield had paid a portion of the Dovers' medical expenses. Brock then filed a motion to add Medicare and/or Blue Cross-Blue Shield as plaintiffs, contending they were real parties in interest because they might be entitled to some part of any recovery the Dovers might obtain from Brock. In the alternative, Brock sought to preclude during the trial of the case proof of medical expenses that had been paid by Medicare and/or Blue Cross-Blue Shield.
The trial court denied Brock's motion to add Medicare and/or Blue Cross-Blue Shield as plaintiffs. Brock then filed her petition with this Court for a writ of mandamus. The trial court's response to Brock's petition states:
"Plaintiffs filed an action for negligence or wantonness arising out of an automobile accident on October 21, 1997.
"Defendant contends that Blue Cross-Blue Shield of Alabama has a subrogation interest in the plaintiffs' claims.
"It was held in Alfa Mut. Ins. Co. v. Head, 655 So.2d 975 (Ala.1995), that an insurer did not have a right to intervene in its insured's suit to recover damages until after plaintiff's recovery from all sources exceeds plaintiff's damages.
"Therefore, it appeared to this Court that Blue Cross-Blue Shield of Alabama did not have a legal right to intervene and was not a necessary party."
Brock asks us to ignore the cases arising under Rule 24, Ala. R. Civ. P., dealing with when the right to subrogation accrues for the purpose of determining the right to intervene, and to look solely to Rule 17(a). This narrow focus would require us to disregard our cases dealing with the substantive law of subrogation. This we cannot do in applying rules of procedure that turn on substantive rights. The trial court correctly applied current Alabama law in denying Brock's motion, when it relied on Alfa Mutual Insurance Co. v. Head, 655 So.2d 975 (Ala.1995), and refused to require joinder, on the basis that the insureds, the Doyles, had not yet been "made whole."
The "made-whole" rule can be traced back to the plurality decision in Powell v. Blue Cross & Blue Shield of Alabama, 581 So.2d 772 (Ala.1990). In Powell, this Court, with a plurality opinion, reversed the judgment of the trial court because it had permitted an insurer to intervene, where the record reflected that the loss incurred by the insured exceeded the amount of her recovery. The plurality opinion stated that the right of subrogation, whether equitable or contractual, does not arise until the plaintiff/insured has been fully compensated for the loss. By refusing to consider the insurer's status as a subrogee until the insured had been made whole, the plurality opinion disregarded contract provisions conferring subrogation rights regardless of whether the insured had been made whole.
Five members of the Court had held in the previous year, in International Underwriters/Brokers, Inc. v. Liao, 548 So.2d 163 (Ala.1989), that equitable principles denying subrogation until the insured had been made whole applied to all instances of subrogation except when the contract expressly provided otherwise. See Powell, 581 So.2d at 788 (Houston, J., dissenting). While the "made-whole" rule introduced in Powell appeared in a setting other than an insurer's subrogation claim against the alleged tortfeasor, it was subsequently applied in that setting in Complete Health, Inc. v. White, 638 So.2d 784 (Ala.1994). See also Alfa Mut. Ins. Co. v. Head and GEICO Ins. Co. v. Lyons, 658 So.2d 445 (Ala.1995) (extending the "made-whole" rule to subrogation claims involving property damage).
*1000 Many jurisdictions refuse to permit an insurer to modify equitable principles of subrogation by contract when the subrogation at issue is a creature of statute and the legislature has failed to provide that normal subrogation principles should not be applied. See, e.g., Coplien v. Department of Health & Social Services, 119 Wis.2d 52, 349 N.W.2d 92 (Wis.App.1984). Other courts have held, consistent with International Underwriters/Brokers, Inc. v. Liao, that only in the absence of statutory law or valid contractual obligations to the contrary, must an insured be fully compensated for injuries or losses sustained (made whole) before the subrogation rights of the insurance carrier arise. See, e.g., Wine v. Globe American Cas. Co., 917 S.W.2d 558, 562 (Ky.1996). For a comprehensive discussion of the "made-whole" rule and a listing of those jurisdictions that have adopted or rejected it, see Elaine M. Rinaldi, Apportionment of Recovery Between Insured and Insurer in A Subrogation Case, 29 Tort & Ins. L.J. 803 (1994); and Roger M. Baron, Subrogation: A Pandora's Box Awaiting Closure, 41 S.D. L.Rev. 237 (1996). Because the record before us does not disclose the extent of the subrogee's contract rights, for all appearing the insurer/subrogee is not entitled to subrogation until the insured has been made whole. We, therefore, have nothing before us that would require us to revisit the previous decisions of this Court, such as Powell v. Blue Cross & Blue Shield of Alabama; Sharpley v. Sonoco Products Co., 581 So.2d 792 (Ala.1990); McKleroy v. Wilson, 581 So.2d 796 (Ala. 1990); Peck v. Dill, 581 So.2d 800 (Ala. 1991); Complete Health, Inc. v. White; Alfa Mutual Insurance Co. v. Head; and GEICO Insurance Co. v. Lyons, that prevent the subrogee from asserting its rights to subrogation until the insured has been made whole, regardless of contractual rights that are more favorable to the subrogee than would otherwise apply under principles of equitable subrogation.
A writ of mandamus will issue only in situations where other relief is unavailable or is inadequate. Ex parte Drill Parts & Serv. Co., 590 So.2d 252 (Ala.1991). A writ of mandamus is an extraordinary remedy, and it will be "issued only when there is: 1) a clear legal right in the petitioner to the order sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) the lack of another adequate remedy; and 4) properly invoked jurisdiction of the court." Ex parte United Serv. Stations, Inc., 628 So.2d 501, 503 (Ala.1993). Our inability to determine from this record whether the Dovers' insurer has attempted to overcome the restrictions of the "made whole" rule through contractual provisions requires us to affirm the order of the trial court.
We conclude that the trial court did not abuse its discretion in denying Brock's motion to add Medicare and/or Blue Cross-Blue Shield as plaintiffs. Brock has not shown a clear legal right to the order she seeks. Therefore, her mandamus petition is denied.
WRIT DENIED.
HOOPER, C.J., and COOK, SEE, BROWN, and JOHNSTONE, JJ., concur.
MADDOX, HOUSTON, and KENNEDY, JJ., concur specially.
HOUSTON, Justice (concurring specially).
I concur because, as Justice Lyons writes, "the record before us does not disclose the extent of the subrogee's contract rights, [and thus,] for all appearing the insurer/subrogee is not entitled to subrogation until the insured has been made whole." 734 So.2d at 1000. See International Underwriters/Brokers, Inc. v. Liao, 548 So.2d 163 (Ala.1989). However, I remain ready and willing to revisit Powell v. Blue Cross & Blue Shield of Alabama, 581 So.2d 772, 788-792 (Ala.1990), having dissented or concurred in the result in that case and in the following cases: Sharpley v. Sonoco Products Co., 581 So.2d 792, 796 (Ala.1990); McKleroy v. Wilson, 581 So.2d 796, 800 (Ala.1990); Peck v. Dill, 581 So.2d *1001 800, 805 (Ala.1991); Complete Health, Inc. v. White, 638 So.2d 784, 790 (Ala.1994); Alfa Insurance Co. v. Head, 655 So.2d 975, 978 (Ala.1995); and GEICO Insurance Co. v. Lyons, 658 So.2d 445, 446 (Ala.1995). Those cases were wrongly decided, for the many reasons stated in my dissents and my special writings concurring in the result.
MADDOX, J., concurs.
KENNEDY, Justice (concurring specially).
Although I concur with the majority opinion, I write specially to make it clear that I disagree with any inference that this Court would consider, under certain circumstances, revisiting the rule stated in Powell v. Blue Cross and Blue Shield of Alabama, 581 So.2d 772 (Ala.1990), and its progeny.