I concur because, as Justice Lyons writes, "the record before us does not disclose the extent of the subrogee's contract rights, [and thus,] for all appearing the insurer/subrogee is not entitled to subrogation until the insured has been made whole." 734 So.2d at 1000. See International Underwriters/Brokers, Inc. v. Liao,548 So.2d 163 (Ala. 1989). However, I remain ready and willing to revisit Powell v. Blue Cross Blue Shield of Alabama,581 So.2d 772, 788-792 (Ala. 1990), having dissented or concurred in the result in that case and in the following cases: Sharply v. Sonoco Products Co., 581 So.2d 792, 796 (Ala. 1990); McKleroy v. Wilson,581 So.2d 796, 800 (Ala. 1990); Peck v. Dill, *Page 1001 581 So.2d 800, 805 (Ala. 1991); Complete Health, Inc. v. White,638 So.2d 784, 790 (Ala. 1994); Alfa United Insurance Co. v. Head,655 So.2d 975, 978 (Ala. 1995); and GEICO Insurance Co. v. Lyons,658 So.2d 445, 446 (Ala. 1995). Those cases were wrongly decided, for the many reasons stated in my dissents and my special writings concurring in the result.
Maddox, J., concurs.