772 So.2d 445 (2000)
Ex parte Ernest CASSIDY and Watford Enterprises, Inc.
(In re Kent Turner Brock v. Ernest Cassidy et al.)
1990531.
Supreme Court of Alabama.
May 19, 2000.
Robert C. Black, Jr., and Paul A. Clark of Hill, Hill, Carter, Franco, Cole & Black, P.C., Montgomery, for petitioners.
*446 Thomas D. Motley and Kimberly A. Clark of Motley, Motley & Yarbrough, Dothan, for respondent.
HOUSTON, Justice.
Ernest Cassidy and Watford Enterprises, Inc., the defendants in an action currently pending in the Houston Circuit Court, petition for a writ of mandamus directing the trial court to join the plaintiff Kent Turner Brock's insurer, Safeco Property and Casualty Insurance Company, as subrogee of Brock. We deny the petition.
This action arose out of an automobile accident between vehicles driven by Brock and Cassidy; Brock seeks to recover damages for property loss and personal injuries he claims to have sustained in that accident. Cassidy was an employee of Watford Enterprises, Inc., and was acting in the course of his employment at the time of the accident. Safeco and American State Insurance Company, the predecessor in interest to Safeco (hereinafter referred to together as "Safeco"),[1] contacted both Watford and Scottsdale Insurance Company, the insurance carrier for Watford, regarding a subrogation claim made by Safeco for claims it had already paid to Brock as a result of the accident between Brock and Cassidy. Cassidy and Watford then moved to join Safeco as a real party in interest under Rule 17, Ala. R. Civ.P., and/or as a necessary party under Rule 19.
The sole question before this Court is whether the trial court abused its discretion in setting aside its order joining Safeco as a plaintiff in the current action.
We must determine whether Safeco is a real party in interest under Rule 17(a). The law surrounding that question has recently undergone significant changes. The rule regarding when a subrogee could recover on a subrogation claim, and therein become a real party in interest, was originally stated in International Underwriters/Brokers, Inc. v. Liao, 548 So.2d 163 (Ala.1989). In that case, this Court held that the general rule was that a subrogee is not entitled to recover unless the insured has had a full recovery. Id. at 164-65. However, we also held in that case that this rule would be superseded by any agreement to the contrary made by the parties. Id. Only a year later, in Powell v. Blue Cross & Blue Shield, 581 So.2d 772 (Ala.1990), a plurality of this Court applied a blanket rulethat there would be no subrogation until the insured had received full recovery and that this rule could not be altered by an agreement of the parties. However, in a recent opinion, we overruled Powell and its progeny and reaffirmed the rationale of Liao. Ex Parte State Farm Fire & Cas. Co., 764 So.2d 543 (Ala.2000).
Under Liao, Safeco can be a real party in interest if it and Brock have agreed that subrogation will occur before Brock receives a full recovery from other parties. In Ex parte Brock, 734 So.2d 998 (Ala.1999), this Court, in a situation similar to that presented in the present case, refused to issue a writ of mandamus directing the trial court to join the plaintiff's insurer because the petitioner had failed to include in the materials before us the subrogation agreement between the plaintiff and his insurer. Likewise, in the present case, the defendants have failed to place the plaintiff's insurance policy, including the subrogation agreement, before us. State Farm and Liao require that we study the subrogation agreement to determine whether it allows Safeco to subrogate before Brock is made whole. Until we conclude that this agreement does permit such subrogation, we cannot issue a writ of mandamus directing the trial court to order the joinder of Safeco as a plaintiff. This Court will issue a writ of mandamus only where there is "(1) a clear legal right in the petitioner to the order sought; (2) an imperative duty upon the respondent to *447 perform, accompanied by a refusal to do so; (3) the lack of another adequate remedy; and (4) properly invoked jurisdiction of the court." Ex parte Ben-Acadia, Ltd., 566 So.2d 486, 488 (Ala.1990). Mandamus is an extraordinary writ, and it will be issued only upon a clear abuse of discretion by the court. Ex parte Allstate Life Ins. Co., 741 So.2d 1066, 1069 (Ala.1999).
We note that the defendants in this case have vigorously attempted to have the plaintiff produce the policy. Initially, they requested information concerning subrogation in their interrogatories to Brock; Brock objected, claiming that the information requested was not reasonably calculated to lead to the discovery of admissible evidence. The defendants corresponded with Brock's counsel on two separate occasions, asking that Brock produce the information requested in the interrogatories. The defendants went as far as to show Brock why this information was relevant to the inquiry that is now before the Court. Brock never responded to this correspondence, and he has never produced the policy, the subrogation agreement, or any information concerning the subrogation agreement. It appears to this Court that Brock's inaction could amount to a situation where the defendants might be forced to involve the trial court in order to compel production of the materials under Rule 37, Ala. R. Civ.P.
However, we are unable to say that the trial court abused its discretion, given that it did not have the subrogation agreement before it when it granted Brock's motion to set aside its order joining Safeco. We also note that this decision may not preclude further action under State Farm and Liao once the policy has been produced and the trial court has had the opportunity to review the subrogation agreement.
WRIT DENIED.
HOOPER, C.J., and MADDOX, SEE, LYONS, and BROWN, JJ., concur.
JOHNSTONE and ENGLAND, JJ., concur in the result.
JOHNSTONE, Justice (concurring in the result).
I concur only in the result. My reservation is that I do not agree with Ex parte State Farm Fire & Casualty Co., 764 So.2d 543 (Ala.2000), which overrules Powell v. Blue Cross & Blue Shield, 581 So.2d 772 (Ala.1990). See my special writing in Ex parte State Farm. As both are only plurality decisions, the topic remains unsettled.
NOTES
[1] Brock's insurance policy was originally with American State Insurance Company. SafeCo is the successor in interest to American State, as a result of a buyout of American State by SafeCo.