772 So.2d 1145 (2000)
ALLSTATE INSURANCE COMPANY, as subrogee of Russell Davis
v.
HUGH COLE BUILDER, INC., and Hugh Cole individually and d/b/a Hugh Cole Builder, Inc.
1990046.
Supreme Court of Alabama.
June 2, 2000.
Donald R. Jones, Jr., of Balch & Bingham, L.L.P., Montgomery; Mark S. Grotefeld and Brad M. Gordon of Grotefeld & Denenberg, L.L.C., Chicago, Illinois; and Jeffrey R. Learned of Grotefeld & Denenberg, *1146 Bingham Farms, Michigan, for plaintiff.
Micheal S. Jackson of Beers, Anderson, Jackson, Nelson, Hughes & Patty, P.C., Montgomery, for defendant.
LYONS, Justice.
The United States District Court for the Middle District of Alabama has certified to this Court the following question, pursuant to Rule 18, Ala. R.App. P.:
"Does the `made-whole' rule prevent a property insurer which has paid its insured under the policy, and obtained a subrogation agreement, from maintaining a timely filed subrogation suit against a third-party which allegedly caused the damage, where the insured has not been made whole, but has allowed the statute of limitations to run without filing any suit against the third party?"
The district court's order certifying its question provides the following background information: Russell Davis contracted with Hugh Cole Builder, Inc., and Hugh Cole (together referred to as "Cole") for the construction of a house. Sometime before December 22, 1996, the Davis family moved into the new house. On December 22, much of the Davis house and most of its contents were destroyed by a fire thought to be caused by defective installation of a fireplace. Cole had subcontracted the installation of the fireplace to Coston Plumbing Company ("Coston"), but had assisted Coston with its work. The Davis house was insured by Allstate Insurance Company. Allstate paid Davis $718,107.48 as compensation for property damage to the house and its contents; Allstate did not require Davis to pay a deductible. Allstate says that in exchange for the payment of the property claim it requested, and received from Davis, an agreement that it was subrogated to Davis's rights against any third party that may have been responsible for the fire.
Davis then hired an attorney, who informed Cole and Coston that Davis would seek additional compensation from them for mental anguish. All parties entered into mediation; as a result of the mediation, Davis settled with Coston, but not with Cole. Allstate then sued Cole, seeking to recover the balance of the payment to Davis not covered by the settlement with Coston. That action is pending in the United States District Court for the Middle District of Alabama. Davis did not sue Cole. The statutory limitations period has now run against any claim for mental-anguish damages that Davis might have had against Cole.
Cole moved for a summary judgment, contending that because Davis had not been made whole for all of the damage he sustained as a result of the fire, in that he had not received any compensation for mental anguish, Allstate's subrogation rights had not yet accrued under Alabama law. Cole relied on Powell v. Blue Cross & Blue Shield of Alabama, 581 So.2d 772 (Ala.1990), and its progeny. The district court certified to this Court the question quoted above and reserved ruling on the motion for summary judgment until this Court either answers or declines to answer that question.
In Powell, a plurality of this Court stated that the right of subrogation, whether equitable or contractual, does not arise until the insured has been fully compensated for the loss, or "made whole." After this present question had been certified to us, however, we decided Ex parte State Farm Fire & Casualty Co., 764 So.2d 543 (Ala.2000), in which we overruled Powell and returned to the rule that "`while the doctrine of subrogation is of purely equitable origin and nature, it may be modified by contract.'" 764 So.2d at 546 (quoting International Underwriters/Brokers, Inc. v. Liao, 548 So.2d 163, 165-66 (Ala.1989)). In Liao, this Court had held that equitable principles denying subrogation until the insured has been made whole apply to all *1147 instances of subrogation except those in which a contract expressly provides otherwise.
In certifying the question, the district court provided us a statement of certain facts; however, the district court stated in its certification order that the parties had not submitted to it a copy of the subrogation agreement. Consequently, Allstate's subrogation agreement with Davis is not before us. This Court has previously declined to decide cases when the record before us was incomplete. See, e.g., Ex parte Cassidy, 772 So.2d 445 (Ala.2000); and Ex parte Brock, 734 So.2d 998 (Ala. 1999). Nevertheless, under the circumstances here presented, we will answer this certified question, on the understanding that Allstate has correctly averred that its agreement calls for subrogation upon payment and our understanding that the district court has found, as the certified question indicates, the existence of a "subrogation agreement."
The answer to this certified question turns on whether the consequences of the made-whole rule can be avoided in a setting where the insured has allowed the statutory limitations period to run and thereby has eliminated the prospect of any further claim that would make the insured whole. Because we held in Ex parte State Farm that an insurer may contract with its insured for subrogation to the insured's claims against a third-party tortfeasor even before the insured has been made whole, we conclude that whether the insured's unsatisfied claim is time-barred is simply irrelevant. In stating that conclusion, however, this Court is assuming, as indicated above, that the insurer had a contract with its insured that permitted that subrogation. If in fact there was no such contract, then the equitable rule concerning subrogation would govern.
Assuming the existence of an agreement allowing Allstate to be subrogated without Davis's having been made whole, we conclude that Allstate would be entitled to subrogation.
QUESTION ANSWERED.
HOOPER, C.J., and MADDOX, HOUSTON, SEE, and BROWN, JJ., concur.
COOK, JOHNSTONE, and ENGLAND, JJ., concur in the result.
JOHNSTONE, Justice (concurring in the result).
I concur only because the subrogor has waived, by laches, his right to complete his recovery by suing Cole and has, indeed, allowed the statute of limitations to run on such a suit. We should apply the doctrine of laches under the facts of this case and the facts of Ex parte State Farm Fire & Casualty Co., 764 So.2d 543 (Ala.2000), in order to protect the rights of the subrogee even before the statute has run on the subrogor's claim. This method of protecting the subrogee would be fairer than allowing written contractual language in the insurance policy to override the madewhole doctrine categorically.